## Robert R. Haynes v. C. G. Stovall and Wife.

If the plaintiff seek to make a wife's property liable, upon principles of equity, he must show, by averments and proof, the condition and amount of her estate, and the value of its issues and profits, in order that the court may be informed as to the proper decree that should be made.

The court will not order the sale of the *corpus* of a wife's property, if the debt can be satisfied out of its issues and profits.

A suit cannot be maintained against a married woman, on the 4th and 5th sections of the Act of 1848, defining marital rights, except for a debt contracted by her, or by her authority, for necessaries for herself or children; or for expenses incurred by her for the benefit of her separate property.

Appeal from Harrison. Tried below before the Hon. Charles A. Frazer.

This was a suit by the appellant against the appellees, upon an account for $183.51, due for merchandise.

The plaintiff alleged, in his petition, that the several articles set out in his account, which was attached to and made a part of the petition, were sold and delivered to the appellee, C. G. Stovall; that they were necessaries for his family; that he was then, and also at the time the said articles were sold, insolvent; and that there was no community property belonging to the said C. G. Stovall and his wife, but that she owned, and had in her possession, a large amount of separate property, consisting of land and slaves. Judgment was prayed for against the defendants, for the amount due on the account, and costs; and "that the separate property of the wife, the said Martha Stovall, be condemned and held liable for said sum," &c.

The defendants filed a general exception, and general denial. Their exception was sustained, and the plaintiff declining to amend, his petition was dismissed.

*G. McKay*, for the appellant.

*N. H. Wilson*, for the appellees.

BELL, J.—This suit cannot be maintained to subject the separate property of the wife, even upon the authority of the cases of Christmas v. Smith, 10 Texas Rep. 128; Brown v. Ector, 19 Id. 346; and McFaddin v. Crumpler, 20 Id. 374.

In these cases it was said, that the separate property of the wife might be made liable in equity, independent of the provisions of the statute of March 13th, 1848, on the subject of marital rights, for necessaries furnished to the family; and it was said, that the husband was to be considered as a part of the family, as would also the children of a former marriage, if there were any. But in the cases referred to, the court said, that to make the separate property of the wife liable, upon the principles of equity, independent of the statute, it was necessary for the plaintiff to show, by appropriate averments and proof, the condition of the wife's estate, so that the court could be informed what decree it was proper to render, under the circumstances of

the particular case. It was said, that the court would not make a decree ordering the sale of the *corpus* of the wife's property, if the debt could be satisfied out of the issues and profits.

Tested by the rules laid down in the above-named cases, the petition in the present case is insufficient to maintain the suit against the wife. It is not sufficient to maintain the suit, upon the 4th and 5th sections of the Act of 1848, because it does not allege that the debt was contracted by the wife, or by her authority, for necessaries furnished herself or her children, or for expenses incurred by her, for the benefit of her separate property. The petition is not sufficient, under the rule laid down in the cases of Christmas v. Smith, Brown v. Ector, and McFaddin v. Crumpler; because the petition alleges nothing about the condition of the wife's estate, or the amount of her separate property, or the value of the issues and profits thereof, so as to inform the court what decree it would be proper to render in the case. The demurrer was therefore properly sustained, so far as the plaintiff sought to charge the separate estate of the wife.

But the petition showed a good cause of action against the husband, C. G. Stovall, and the demurrer ought to have been overruled as to him; for, upon the facts alleged in the petition, the plaintiff was entitled to judgment against the husband. To this extent, therefore, the judgment of the court below must be reversed, and the cause remanded for further proceedings against the husband, C. G. Stovall.

It is proper to say, that a case was decided at the late term at Galveston, (Magee v. White, *supra*, 180,) in which it was held, that the wife's separate property is not liable, upon any principles of equity, independent of the statute, for necessaries for the husband. It was held, that the wife's separate estate could only be held liable, according to the provisions of the statute, for debts contracted by the wife herself, or by her authority, for necessaries furnished herself or children, or for expenses incurred by the wife for the benefit of her separate property, and where such debts or expenses were reasonable and proper. It was held, that the wife was under no legal obliga-

tion to maintain the husband out of her separate estate; that the rules applied *by* courts of chancery in England, to estates limited to the sole and separate use of married women, were not applicable to the wife's statutory separate estate in this state; and that the expressions to be found in the opinions of this court, in the cases of Christmas v. Smith, Brown v. Ector, and McFaddin v. Crumpler, to the effect that the wife's separate estate is liable in equity, independent of the statute, for necessaries for the husband, or for his children of a former marriage, were *dicta,* and were not to be regarded as authoritative decisions of this court. In the decision of the case referred to, Magee v. White, the present Chief Justice did not concur.

Reversed and remanded.