Anthony S. Seely, Plaintiff in Error, *v.* The People, etc., who sue for the use of Alfred W. Neece, Guardian, etc., Defendants in Error.

AGREED CASE FROM GREENE.

Where a party executes a bond as surety with another, whose name appears to the bond, but which name has been forged, he will not be liable.

This was an agreed case, showing that suit was instituted upon the office bond of Lewis W. Leick, master in chancery of Greene county, against Anthony S. Seely, one of the securities thereon, in the name of the People, who sue for the use of Alfred W. Neece, guardian of Jesse H. Neece and Pemnah Jane Neece. Said bond is payable to the People of the State of Illinois, and conditioned for the faithful discharge of the duties of the office of master in chancery.

The general issue was filed and stipulation thereon, authorizing all proper evidence to be offered thereunder, as though properly pleaded.

It appears, that Leick was nominated master in chancery, and filed the bond sued on, which is in evidence; that Leick collected money belonging to Jesse H. Neece and Pemnah Jane Neece, infants and wards as aforesaid of A. W. Neece; that A. W. Neece, as guardian for said wards, obtained judgment against said Leick, for $138.24; execution returned, no property found.

*Samuel Heaton* testified, that his name appeared as one of the securities on said bond, and that his name was a forgery thereto. Heaton's name was first in order, assigned and recited in bond. It is admitted that the last of said wards to come of age arrived at age, 25th January, 1860. This suit was instituted March 20th, 1861.

On this evidence, the court below found the issue for the People, for the use of Neece, the cause having been tried by the court without a jury. Defendant below excepted, and moved for a new trial, because said finding was contrary to law and evidence.

Jas. W. English, for Plaintiff in Error.

Stuart, Edwards & Brown, for Defendants in Error.

Caton, C. J. This action was on the office bond of a master in chancery, against one of the sureties, whose name

appears to the bond. The bond is joint and several. The facts relied upon in defense are these: In the body of the bond are three sureties named—first, Heaton; second, Seely, the defendant; and third, Morrow. When presented to the defendant for his signature, the name of Heaton appeared signed to the bond as a surety; and the defendant, supposing it to have been executed in fact by Heaton, signed his name to the bond as a co-surety with Heaton. It turns out that the name of Heaton to the bond was a forgery. Although we have not been referred to, nor have we met with, a case precisely in point, yet we think upon principle, this should constitute a good defense to the action on the bond. By a fraud practiced upon the defendant, by means of the commission of a high crime, he was made to assume a different and greater liability than he intended, or supposed he was assuming, when he executed the bond. It is not like the case where the surety, when he signs the bond, is assured, and made to believe that others will afterwards sign it. In that case he acts upon the simple assurance that another will do an act which he knows may be defeated or prevented by various accidents, and he must therefore take the risk of such assurance being fulfilled. But in this case he acted upon an apparent fact, which without the commission of a great crime by others, must have been true, and the commission of this crime the highest degree of caution might not suggest; and he cannot be charged with even slight neglect, in not having discovered the forgery. It cannot be said that his own credulity contributed in any degree to his being bound without Heaton, instead of with him. It is true that the obligee did not perpetrate, or in any way contribute to the fraud, so that one of two innocent parties must suffer, by reason of this forgery, but that reasonable degree of favor which the law extends to sureties, should exonerate the surety who has been fraudulently induced to execute the bond, not by a false promise, which a high or even a reasonable degree of prudence should have admonished him not to rely upon, but by a forgery, which would probably have deceived the most cautious person.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*