### E. P. CLEGG v. J. L. DARRAGH ET AL.

(Case No. 1986.)

1. INJUNCTION.— The surety on a bond executed in the course of judicial proceedings, and on which a judgment of forfeiture has been rendered, cannot enjoin an execution issued under the judgment of forfeiture for causes which he might with due diligence have known and pleaded to the suit in which the judgment was obtained, and which his negligence prevented him from presenting at the proper time.

2. SAME.— The surety on a claim bond, after judgment of forfeiture, sought to enjoin the execution on the ground that the principal (which was a corporation) never executed the bond, but that its name was signed thereto without authority. The surety made no effort for eight months to ascertain whether the attorney who assumed to represent the principal had authority; his co-surety was dead; the residence of the corporation was in a distant state, and the surety took no steps to defend against proceedings on the bond. *Held*, that he was not entitled to injunction.

3. SAME.— In such a proceeding by injunction, the sheriff and the executrix of a co-surety being parties defendant, it was proper on a dissolution of the injunction to dismiss the suit, no question being raised as to the ability of the estate of the deceased co-surety to make contribution, and no application being made to continue the cause as an original proceeding against the co-surety for contribution.

4. SAME.— The supreme court will not reverse the action of the district court in giving or refusing damages on the dissolution of an injunction unless there appears to have been manifest error or mistake of law.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

This was an original proceeding begun by appellant July 3, 1884, for injunction against a judgment rendered against him as surety.

On November 21, 1884, the court sustained demurrers and exceptions to the petition, dissolved the injunction and dismissed the petition, and from this judgment this appeal was taken.

The material facts alleged in the petition are substantially as follows: That on February 13, 1880, defendant Darragh recovered judgment in the county court of Galveston county against P. H. Hennesy and J. W. Edmundson for $553.24, with twelve per cent. interest; that the first execution was issued October 13, 1883, and on the same day was levied by defendant Owens, sheriff, on a lot of show cases, etc., of the aggregate value of $600. October 15th a claim affidavit in due form was filed by John Lovejoy, Esq., a practicing attorney of Galveston, on behalf of defendant Hibbard, Spencer, Bartlett & Co., a private corporation residing and doing business in Chicago, Ill., and on the same day he executed for that company a claim bond in the proper amount, payable and conditioned as required by law, and signed "Hibbard, Spencer, Bartlett & Co., by John Lovejoy, their attorney." That E. Engelke signed the bond as surety, and afterwards appellant signed as surety, and the sheriff approved the bond as the bond of that company as claimant. That on April 11, 1884, judgment by default was rendered on the bond against the company as principal and appellant as surety for $684, the judgment reciting that the other surety was dead, and as to him the proceeding was discontinued without prejudice. On June 2d Darragh caused execution to issue on the judgment and the same to be levied by defendant Owens on appellant's property, to pay the judgment and costs; and the property was advertised to be sold. That appellant charged that the affidavit and bond were made without the authority or knowledge of Hibbard, Spencer, Bartlett & Co., who had no notice of the affidavit or bond or of any proceedings thereon, and that the sheriff did not release or deliver to said company, or to any one authorized to act for it, any portion of the property, and the bond was without consideration. That the company was a business house of high standing and solvent; that when appellant signed as surety it was represented to him that the property was samples belonging to the company, and used by it in carrying on its business in Texas, and appellant did not believe and had no reason to believe that the attorney, who claimed to be a duly authorized attorney, was not authorized to make said affidavit and bond. That said attorney did not represent the claim further, but abandoned the proceeding without any notice whatever to appellant, who did not know till June 6th that any judgment had been rendered or that said attorney had

abandoned the proceeding, and he did not know that the attorney was not authorized to represent said company till June 15th, when he received advices from it that all said proceedings were had without its knowledge, and that it had not received the property and had no notice of the bond or proceedings, and would resist the payment of the judgment. That said company had retained counsel at Galveston to institute proceedings to set aside the judgment, and appellant charged that the judgment was void as to the alleged principal by reason of fraud and want of jurisdiction and notice, and if void as to the principal it is void as to the sureties. That said company did not purpose to enjoin the judgment, as its property has not been seized, but will institute an original proceeding to set it aside for fraud and want of jurisdiction and notice, and meanwhile, if not restrained by injunction, appellant's property will be sacrificed unless he voluntarily paid the judgment, which would leave him remediless. That appellant and his co-surety did not receive any portion of said property, or derive any benefit, either directly or indirectly, therefrom, and signed the bond fully believing and without reason to doubt that said attorney was duly authorized in the premises, and without other consideration than to aid the claimant in good faith to recover its property; that appellant did not deliver the bond to the sheriff, but it was delivered by said attorney as the bond of said company, as claimant, and said attorney was insolvent. That appellant had no means of knowing that said bond and affidavit were made without said company's authority, unless he had suspected the commission of fraud or forgery, which he had no reason to suspect, etc.

*Denson & Burnett*, for appellant, that the bond was void and that injunction was the proper remedy, cited: Baylies on Sureties and Guarantors, 208, 212; Seely v. The People, 27 Ill., 173; S. C., 2 Am. Law Reg., 344, and note by Judge Redfield; Russel v. Anable, 109 Mass., 72; Guild v. Thomas, 54 Ala., 414; S. C., 25 Am. Rep., 703.

*Albert N. Mills*, for appellee, that the judgment dismissing the suit was proper, cited: Lively v. Bristow, 12 Tex., 60; Pryor v. Emerson, 22 Tex., 162.

That the surety was bound though the principal's name was forged, he cited: Doane v. Telegraph Co., 11 La. Ann., 504; Western N. Y. Life Ins. Co. v. Clinton, 66 N. Y., 326; Brandt on Suretyship, p. 153, sec. 108; p. 479, sec. 355; p. 482, sec. 358.

It was the surety's duty to see that the claimant made good the claim,— citing Vilas v. Jones, 1 N. Y., 274; Schoeppell v. Shaw, 3 N. Y., 446; Ramsay v. Perley, 34 Ill., 504; Millins v. Shafer, 3 Denio, 60.

No application being made to amend the bill and continue it, its dismissal was proper,— citing Pryor v. Emerson, 22 Tex., 162; Lively v. Bristow, 12 Tex., 60.

WILLIE, CHIEF JUSTICE.— The basis of the relief sought against Darragh in this case is the alleged unauthorized execution of the claim bond by a party purporting to be the attorney of the principal in the bond.

As to whether or not this would be a good defense to a suit upon such a bond as against an obligee who had no notice of any defect in the manner of its execution, it is unnecessary for us to consider in the present case.

There is some conflict of authority upon the point when it arises upon an official bond, or one taken in the course of judicial proceedings, some courts holding that it is the duty of the officer to whom such bonds are delivered to see that they are properly executed, and, if signed by an attorney, that this has been done under proper authority. Seely v. People, 27 Ill., 173; Guild v. Thomas, 54 Ala., 414.

Admitting for the purposes of the present case that this is the true rule, it cannot avail the appellant, for the reason that he did not set up the defense at the proper time, and has not shown a sufficient reason for his failure in this respect.

It appears from the petition that the bond was made October 15, 1883, that judgment was rendered upon it in April, 1884, and that the appellant was first informed that the principal's name had been signed to it without authority in June of the same year

This information, when received, seems to have been given him without any effort on his part to obtain it. He had signed a bond which upon its face purported to have been executed by the principal obligee through an attorney, and yet for the long space of eight months, during which time judgment had been rendered on the bond, he made no inquiry into the authority of the attorney to sign the instrument. His principal resided in a distant state, and his co-surety was dead, and yet the appellant took no steps to defend the proceedings upon the bond, when, under the law, he was primarily liable to answer for any breach of its conditions. He was in court by virtue of his signature to the bond, and entitled to no other service

in the cause, but bound to take notice of all proceedings looking to a forfeiture of the bond. The principal and its residence were well known to him, and within easy reach of any inquiry or communication he might choose to make in reference to the validity of the instrument. It matters not that he did not suspect anything wrong in reference to his principal's signature. Independent of the fact that it was not signed by the corporation, which should have put him upon inquiry as to the genuineness of its execution by the principal, he was bound to find out, as far as possible, every defense that could be urged against a forfeiture, and plead it before the forfeiture was taken.

The theory of the appellant's case is that he can enjoin the execution of a judgment for causes which he might, by reasonable diligence, have pleaded to the suit in which it was obtained, and which his own negligence deprived him of the privilege of urging at the proper time.

The appellant was, in effect, seeking a new trial after the expiration of the term at which the judgment was rendered, without showing any diligence on his part to prevent the judgment, or that he was prevented from making a defense to the former action by fraud, accident or the acts of the opposing party, wholly unmixed with any fault or negligence of his own. We have too frequently held that a new trial cannot be granted when those facts do not appear, to require any discussion of the subject in the present case. Johnson v. Templeton, 60 Tex., 238; Plummer v. Power, 29 Tex., 14; Nevins v. McKee, 61 Tex., 413.

The court did not, therefore, err in sustaining exceptions to the petition. Nor do we think that there was error in dismissing the cause as to all the defendants. If the petition set forth a good cause of action against Mrs. Engelke, as executrix of the appellant's co-surety, it was not such cause as could be made grounds for an injunction. Admitting that Clegg could go into a court of equity and compel his co-surety to contribute, there was nothing in the petition to show that this right to require contribution was so immediately jeopardized as to require the issuance of a writ of injunction to preserve it for the defendant. The only parties against whom the injunction was asked were Darragh and the sheriff, and it having been properly dissolved as to them, the only means of keeping it in court as to any of the defendants and for any purpose was by asking that the petition remain in court as an original bill, which the plaintiff having failed to do or to amend, the court could but dismiss the suit.

It does not appear from the record that the attention of the court was called to the fact that the petition sought to enjoin the collection of the costs in the original proceeding. The injunction was sought for the reason that the judgment on the claim bond was void, and the prayer was that, in case it was held valid, the co-surety might be made to contribute to its payment. No prayer was made to enjoin the collection of the costs in case the judgment was sustained, and if this was desired under the prayer for general relief it should have been brought to the notice of the court.

Besides it would seem that the costs incurred by the various parties to the original suit were adjudged against them, including the appellant. It does not appear how the costs were apportioned in the execution, and hence the court could not know as to how much, if any, should be enjoined.

It is the settled rule of this court not to revise the ruling of the district court in giving or refusing damages upon the dissolution of an injunction unless there appears to have been manifest error, or mistake of law. Ross v. Lister, 14 Tex., 469; Fall v. Ratliff, 10 Tex., 293.

The appellant's bill was without merits, or grounds upon which it could upon the face of it be supported, and we cannot say that the court did not properly exercise its discretion in imposing damages. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 20, 1885.]