ELEANOR E. BERGSTROM ET AL. V. CHRIS KIEL ET AL.

Decided March 26, 1902.

**1.—Judgment—Action to Set Aside—Married Woman.**

A note was executed by E. and by plaintiff and her husband, and the judgment rendered thereon against all of them recited that the husband was adjudged a surety for E. and entitled to recover over against E. such amounts as he should pay. Held, in an action by plaintiff to set aside the judgment as against her separate estate, that such recital did not conclusively show that the note sued on was not executed for such a debt as would bind the wife's separate estate, and the presumption obtained in favor of the judgment that it was so executed.

**2.—Same—Equitable Relief—Remedy by Appeal.**

The fact that plaintiffs' attorneys falsely assured the attorney of complainant here that the judgment on the note would not be taken against her separate estate was not sufficient to warrant equitable relief in her favor in setting aside the judgment, since, being represented by counsel in that suit and charged with notice of the judgment actually rendered, she was negligent in not moving to set the judgment aside or taking an appeal therefrom.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*Newton & Ward,* for appellants.

*C. S. Robinson,* for appellees.

JAMES, CHIEF JUSTICE.—This suit is by appellants, filed October 1, 1901, to vacate, in so far as appellant Eleanor E. Bergstrom is concerned, a judgment of the District Court in terms as follows:

"No. 4519. In District Court, Forty-fifth Judicial District, Bexar County, Texas. Chris Kiel v. Eleanor E. Clifford et al. On this the 16th day of May, 1899, coming on regularly for trial the above styled and numbered cause, a jury being waived, all matters of fact as well as of law were submitted to the court, and after hearing the evidence, the

law, and the argument of counsel, the court is of the opinion that Chris Kiel, plaintiff, should have and recover of Eleanor E. Clifford, Kate V. Elliot, and G. G. Clifford, defendants, jointly and severally, the sum of $1584, the same being principal, interest, and attorney's fee on the note sued upon herein. Wherefore it is ordered, adjudged, and decreed by the court that Chris Kiel, plaintiff, do have and recover of and from Eleanor E. Clifford, Kate V. Elliot, and G. G. Clifford, defendants, jointly and severally, the sum of $1584, with 10 per cent interest thereon from this date until paid, together with all costs of this suit, and that G. G. Clifford being found and adjudged by the court to be a surety for Kate V. Elliot, do have and recover over and against Kate V. Elliot any amount that he may pay on this judgment, for all of which let execution issue against Kate V. Elliot and Eleanor E. Clifford and against the separate property of Eleanor E. Clifford and against G. G. Clifford."

The averments of the petition are substantially stated in appellants' brief as follows:

"The plaintiff, Eleanor E. Bergstrom, alleged that she was the daughter of Kate V. Elliot and wife of G. G. Clifford at the time of the execution of the note referred to in the petition, to wit, on December 13, 1893, but since said time she has become the wife of her coplaintiff, Oscar Bregstrom. That on the 16th day of May, 1899, a judgment was rendered in the District Court of the Forty-fifth Judicial District against herself, Kate V. Elliot, and G. G. Clifford, defendants, jointly and severally, for the sum of $1584, the same being principal, interest, and attorney's fees on the note sued upon; said judgment containing the following recital: 'And that G. G. Clifford being found and adjudged by the court to be a surety for Kate V. Elliot, do have and recover over and against Kate V. Elliot any amount that he may pay on this judgment, for all of which let execution issue against Kate V. Elliot and Eleanor E. Clifford and against the separate property of Eleanor E. Clifford and against G. G. Clifford.' That prior to the said 16th day of May, 1899, said plaintiff had left the State of Texas and was living in the city of New York; that she employed counsel to represent her in said suit, but said counsel did not appear in her behalf to represent her in the trial of the case, and that upon the trial of said cause she was not present in person nor represented by counsel; that she never knew that said judgment had been rendered against her until long after the time had expired under the law by which she could have prosecuted an appeal or writ of error from said judgment; that on the trial of said cause, the said G. G. Clifford combined and conspired with the then plaintiff, Chris Kiel, to have judgment rendered against this plaintiff so as to provide for the issuance of execution against her separate property; that this plaintiff, not being present at said trial and not having been represented by counsel on said trial, does not know upon what testimony said judgment was rendered establishing

the fact that said note was executed for the benefit of her separate estate, or that she ever received any benefit from the consideration for which said note was executed, but if there was any such evidence, then she avers that such testimony was false and fraudulent, and she avers the truth to be as aforesaid, that said note was executed for the sole and exclusive benefit and use of the said G. G. Clifford, and that he alone received the entire consideration for which the same was executed and applied the same to his own use and benefit; and that said judgment, so far as this plaintiff was concerned, was fraudulently obtained without any evidence whatsoever to sustain it, or, as aforesaid, was obtained by false and perjured testimony; that said note, not having been executed for the benefit of her separate estate, as aforesaid, was by reason of such facts not binding on this plaintiff and was null and void.

"Plaintiff further averred that said judgment aforesaid was uncertain and contradictory in that it does not and can not in law constitute a sufficient basis or support for the issuance of an execution thereon, and is utterly null and void, in this: that said judgment provides for the recovery against all three defendants, Eleanor E. Clifford, Kate V. Elliot, and G. G. Clifford, defendants, jointly and severally, the sum of $1584, and then provides that said G. G. Clifford, being found and adjudged by the court to be a surety for Kate V. Elliot, that he recover over and against Kate V. Elliot any amount that he may pay on the judgment, thus finding that G. G. Clifford was a surety and that Kate V. Elliot was a principal in said note; and then said judgment provides for the issuance of execution against Kate V. Elliot and Eleanor E. Clifford and against the separate property of Eleanor E. Clifford and against G. G. Clifford; that if the said G. G. Clifford was a surety for Kate V. Elliot, and that by virtue of that fact he recovers judgment over and against Kate V. Elliot, then the judgment established the fact that the consideration of said note did not inure to the benefit of the separate estate of this plaintiff Eleanor E. Bergstrom, but inured to the benefit of and was for the individual benefit and use of the said Kate V. Elliot, making this plaintiff a cosurety with G. G. Clifford; and from the wording of said judgment, it can not be ascertained as to whether or not it is intended by said judgment that the said Clifford was to have judgment over against the plaintiff Eleanor E. Bergstrom as well as against Kate V. Elliot, and it can not be determined from the face of said judgment as to whether or not execution was issued against the separate property of this plaintiff in favor of G. G. Clifford, or as to whether or not such execution should issue against the separate property of this plaintiff in favor of the said judgment plaintiff in said cause, Chris Kiel; that in consequence thereof, said judgment is also void and so uncertain as not to afford a basis for the issuance of the execution.

"Plaintiff further alleged that on the 9th day of September, 1901, the plaintiff in said judgment caused an execution to be issued on

said judgment out of said court, and that certain property of hers (describing it) was levied upon by virtue of said writ of execution. She further alleged that the property levied upon by the sheriff aforesaid was before and at the time of said levy her separate property, and that plaintiff had no adequate remedy at law to protect her in the premises other than the relief sought in this suit, together with an injunction restraining the sheriff from selling said land.

"Plaintiff further alleged that said judgment constituted a cloud upon the title to her interest in said land, and that if the sheriff was permitted to sell said land, the claim of the purchaser at such sale will constitute a still further cloud upon her title; and the time having elapsed in which she can prosecute an appeal or writ of error from said judgment, the purchaser at such sale will be protected, and she be forced thereby to lose her said property. She prayed for a writ of injunction restraining the said plaintiff and the sheriff and other officers of Bexar County from selling said land and by virtue of said judgment until the further orders of the trial court, and that the defendants Kiel and Tobin be cited to answer said petition; and that on final hearing said judgment aforesaid be vacated, set aside and held for naught in so far as the same constituted a judgment against plaintiff, and that the cloud upon her title to said property by virtue of said judgment aforesaid be removed and that she be quieted and confirmed in said title, and that the apparent lien of said judgment upon said property be canceled and removed, and that the said defendant be perpetually and forever enjoined from asserting any claim or demand against this plaintiff by virtue of said judgment."

Plaintiffs filed a supplemental petition on October 29, 1901, in which she alleged that she was divorced on July 1, 1898 from her codefendant G. G. Clifford; that at the time of her divorce her business was left in the hands of her attorneys, the same ones that represented her at the time of the institution of the suit, and that she resided in the city of New York at the time the judgment was rendered and did not know and was not informed of the same until some time during the spring of the present year. She also alleged that said note, which was the basis of said judgment, was not for the benefit of her separate property, nor was the indebtedness contracted by her, nor was any proof made before the court to that effect, or if there was such proof that it was perjured testimony. She further alleged that she is informed by her attorneys that prior to judgment being rendered on said note, they were assured that no judgment would be rendered authorizing execution against her separate property, and relied on such assurances, and was not present when the said judgment was rendered, and did not know that execution was authorized against her separate property until the spring of the present year. She further alleges that the judgment rendered by the court did not authorize execution against her separate property, that the portion of the judgment as entered authorizing such

execution was inserted in such decree by some person after the decree had been prepared. She further alleges that she did not have any separate property at the time of the execution of said note, except one piece of property situated in the city of San Antonio, on the east side of Acequia street, which was mortgaged by her codefendant G. G. Clifford, and the same was sold in satisfaction of said mortgage.

The court held plaintiffs' petition and supplemental petition insufficient, and plaintiffs refusing to amend, rendered judgment dismissing the cause and dissolving the temporary injunction granted in the cause and rendered judgment against petitioner and the sureties on her injunction bond for the costs.

The second, third, fourth and fifth assignments present in a general way, by repetition, the points raised by the first assignment, which we shall proceed to consider. The assignment is that the court erred in holding that there was no equity in the bill and in dismissing same. Three propositions are advanced, as follows:

"1. It appearing from plaintiffs' petition and supplemental petition that the judgment sought to be enjoined was procured by fraud of the defendant Kiel and his attorney, and that the suit was brought within one year after the discovery of the fraud, the court should not have dissolved the injunction.

"2. It appearing from the face of the judgment that the note upon which it was predicated was not executed for the benefit of her separate estate and for necessaries contracted by appellant, the portion of the judgment awarding execution against her separate estate was a nullity, irrespective of whether suit was brought within one or two years from its date or not.

"3. In order to bind the separate estate of the wife the debt must have been incurred by the wife for the benefit of her separate property, or for necessaries furnished herself and children, and unless it appear to the satisfaction of the court or jury that the debt was contracted or expenses so incurred were for the purposes enumerated, and that they were reasonable and proper, judgment should have been in favor of appellant."

The facts alleged and relied on to set aside the judgment, in so far as it purports to be a judgment against plaintiff and to entitle her to restrain execution sales of her property by reason of the judgment, are, first, "that plaintiff is informed by her attorneys that prior to the judgment being rendered on said note he was assured that no judgment would be rendered authorizing execution against her separate property and relied upon such assurance, and was not present at the time said judgment was rendered and did not know that execution was authorized against her separate property until the spring of the present year (1901). Plaintiff is informed and believes that the judgment as rendered by the court did not authorize execution against her separate property; that the portion of the judgment as entered authorizing such

execution was inserted in such decree by some person after the decree had been prepared." We copy the above from the pleading for accuracy of statement. Second. That the judgment upon its face conclusively shows that the note sued on was not executed for such a debt as is contemplated by the statute to bind her separate estate.

We shall dispose of the latter first. The contention is based upon the statement in the decree "that G. G. Clifford (the husband of plaintiff at the time the note was made), being found and adjudged by the court to be a surety for Kate V. Elliot, do have and recover over against Kate V. Elliot any amount he may pay on this judgment." We would not be prepared to hold, if the terms of the decree affirmatively showed that the debt was not one so contemplated by the statute, that the judgment against the wife with execution against her separate estate would be a nullity, or subject to be disputed in any proceeding except an appeal. But the part of the decree above referred to is not necessarily inconsistent with the fact that the note was given for a purpose contemplated by the statute. Kate V. Elliot was evidently a single woman, and could have contracted with Clifford on his signing the note that she would stand between him and consequences, and still the purpose of the transaction may have been the improvement of his wife's separate property. The relationship of Kate V. Elliot is not made known by the pleadings of plaintiff, but presumptions may and should be indulged in favor of the judgment they bring in question. The pleadings of the case are not shown and we can not know what the testimony was, and we must presume the existence of any and all facts that would go to sustain the judgment rendered, not clearly negatived by the judgment itself.

Upon the first point: The principle which seems to us to be applicable to the matter presented is the familiar rule that a person is not entitled to relief in equity where it appears that a legal remedy sufficient to accomplish the same purpose has been lost through want of diligence. This rule has always been strictly enforced in bills brought to procure a new trial after the term has passed at which the judgment was rendered. Burnley v. Rice, 21 Texas, 171; Plummer v. Power, 29 Texas, 7; Nichols v. Dibrell, 61 Texas, 541.

A party against whom there is a final judgment may by a direct proceeding have the case reopened upon averments that he was prevented from making a valid defense in such cause by fraud, accident, or the act of the opposite party, unmixed with negligence on his part. Hammond v. Atlee, 15 Texas Civ. App., 270.

The rule is in our opinion applicable here, where it is alleged that a different judgment from the one intended was entered by artifice of the opposite party which could have been relieved against in the same proceeding, either by motion in that court or by appeal or writ of error.

The question is as to the sufficiency of the averments to warrant the relief here asked. The ground of equitable interposition invoked is

fraud committed in assuring plaintiff's counsel in that suit that no' judgment would be entered authorizing execution against her separate estate, upon which they relied, and in altering the decree to be entered. The pleadings of plaintiff, in the first place, do not allege that the assurance was given by Kiel or his counsel nor that 'the alteration was made by them or their procurement, but for the purposes of this case we will assume that such is the necessary implication. Plaintiff's counsel, referred to by her, represented her in that proceeding. Some time before the judgment she was divorced from her husband Clifford and went to New York to live. But they continued to represent her in that suit. While she has allegations that she was unrepresented at the trial, she also alleged that prior to the trial her said attorneys were assured that no judgment would be rendered authorizing execution against her separate property, and relying on this they did not attend the trial. There can be no doubt that her allegations that the attorney or attorneys she refers to were representing her at the date of the trial and in reference to this judgment, and that they were cognizant of the trial. Beyond a bare reliance on an assurance that the judgment would be rendered in a certain manner, there is no excuse offered for not having taken steps in time to have the correction made in that proceeding. The entry was public, upon the minutes of the court, and open to the inspection of anyone at all times. No averment is made of any part or device to conceal it from plaintiff or her attorneys. How long that term of court lasted after the judgment the petition does not inform us. It may have continued for some time. From all that is presented by the pleadings it can not be said that the failure to use the available and regular legal remedies to correct the alleged vice in the judgment was unattended with negligence.

The alleged understanding of plaintiff's counsel, as to the judgment that would be rendered in the case, was had before the trial. The case was disposed of by trial, which counsel by reason of the alleged assurances did not attend. The judgment was that of the court and not the parties, and it was incumbent upon plaintiff or her counsel, even under the circumstances stated, to take notice of the judgment which the court may have seen fit to enter. Weaver v. Vandeventer, 84 Texas, 693.

It is observed that the complaint against the judgment is that it awarded execution against the wife's separate property against assurance that this would not be done, and that this portion of the judgment was introduced by fraud. It seems that without this clause the judgment would have been as plaintiff alleges it should have been; and from what we have said above it is not necessary to discuss the effect of a general judgment against the wife as to its supporting an execution against her separate property. There are authorities that such clause adds nothing to the force of the judgment in this respect. Waters v. Cantrell, 4 Texas Law Rep., 198.

The above discussion disposes of all the propositions made in the brief of appellant.

The broadest scope that can be given to the pleadings of plaintiff makes her right depend on the fact that there was no evidence that warranted a judgment that would affect her separate estate, and that if there was such testimony it was false. If the evidence was insufficient to warrant the judgment, it would certainly have been corrected by an appeal duly prosecuted. As to the judgment having been the result of perjured testimony, this ground does not seem to be relied on in appellant's brief; and there are no allegations that any such testimony was introduced through the procurement or connivance of appellee. McMurray v. McMurray, 67 Texas, 668.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In Anderson v. Oldham, 82 Texas, 237, in a similar case, it was said that "the court below on the averments might well have held that appellant's negligence in not seeing what judgment was rendered before the time elapsed within which he could prosecute an appeal or certiorari was such as to deny him equitable relief, even if he had shown that he was otherwise entitled to it." The pleading of plaintiff herein show that the attorneys who had the alleged assurance were her representatives for the purposes of that proceeding.

The case of Cetti v. Sunman, 64 Southwestern Reporter, 789, is materially different. There the judgment was procured by misrepresentation of a fact peculiarly within the knowledge of the plaintiff and his counsel. In that case it could not well have been contended that plaintiff or her attorney would be held negligent until such time after the judgment as in the exercise of ordinary care the facts should have been discovered. In the present one the facts were necessarily as well known to one party as to the other, and no misrepresentations are averred. The question is simply whether plaintiff and her attorneys were excused, by the assurance of defendant's counsel, from any diligence whatever in discovering the decree as entered in time to obtain relief in the ordinary methods. It seems to us that they were not warranted in giving the matter no further attention.

The averment is that appellant's attorney was assured that no judgment would be rendered authorizing execution against her separate property, without stating by whom the assurance was given, but we have assumed that it is implied that it was by adverse counsel in that case.

The motion is overruled.

*Overruled.*

Writ of error refused.