## TAYLOR et al. v. HUSTEAD & TUCKER.*
### (No. 1985.)

(Court of Civil Appeals of Texas. Amarillo. June 7, 1922. Rehearing Denied June 28, 1922.)

1. **Husband and wife** �köm230—**Defense of coverture waived by failure to plead it.**

A wife when sued waives her defense of coverture by not properly pleading it.

2. **Husband and wife** ⊸230—**Judgment against married woman not void when rendered against her as a single woman on her failure to appear and plead coverture.**

Where there is nothing in a pleading to show that a defendant in an action is a married woman, if she is duly cited to appear and makes default, a judgment rendered against her as a single woman is not void.

3. **Judgment** ⊸407(1)—**Refusal to enjoin enforcement of judgment against plaintiff as a single woman when she was married held proper; she not having pleaded coverture.**

In a suit by a married woman against a person who obtained judgment against her in an action at law, to enjoin enforcing the judgment on the ground that plaintiff was a married woman when judgment was obtained, where plaintiff failed to answer in the action at law, and also failed to move for new trial and to appeal, refusal of an injunction was proper.

4. **Judgment** ⊸447(1), 460(3)—**In proceeding by married woman to set aside judgment by default on ground of coverture, she must negative want of diligence, and show a meritorious defense.**

In proceeding by married woman against one who had obtained a judgment in an action at law against her to set the judgment aside on the ground of coverture, she must negative want of diligence in defending the action at law, and must show that she has a meritorious defense to the action; the mere fact of coverture not being sufficient.

5. **Judgment** ⊸17(4)—**Validity of judgment against two codefendants not affected as to one on whom service of citation is complete because the other codefendant was not served.**

The validity of a judgment against two codefendants is not affected as to one of them on whom service of citation was complete because the other codefendant was not served.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by Mrs. Della Taylor and another against Hustead & Tucker. From judgment for defendant, plaintiffs appeal. Affirmed.

Hunter & Scott and E. E. Fisher, all of Wichita Falls, for appellants.

Clark & Hughes, of Wichita Falls, for appellee.

---

HALL, J. The appellant, Mrs. Taylor, joined by her husband, filed this proceeding, praying for a writ of injunction restraining the sale of certain property, and, further, that a certain judgment described in the petition be set aside and declared null and void. The substance of the petition for injunction is that Geo. W. Hustead, J. B. Tucker, and several other parties named therein, partners, under the name and style of Hustead & Tucker, had, on or about the 12th day of August, 1920, sued Mrs. Taylor and one Dave Bowen, in the district court of Wichita county, said cause being 8744–B, to recover judgment in the sum of $5,754.55, and to foreclose a materialman's lien upon certain property described therein; that afterwards, on the 10th day of January, 1921, the appellees herein recovered a judgment against Mrs. Taylor for the full amount, for costs, and a foreclosure of the lien upon certain real and personal property described therein. It is further alleged that an execution has been issued to enforce collection of the judgment; that at the time the articles which were furnished and for the value of which the judgment was obtained were so furnished to the appellant herein, she was a married woman, residing with her husband in the state of Texas; that the articles so furnished were not necessaries; that she was not joined by her husband in the making of the alleged contract for the furnishing of same, nor had she at that time, with the consent of and joined by her husband, applied to the district court for judgment or order of court removing her disabilities of coverture, nor had such judgment in her behalf been entered, making her a feme sole for mercantile and trading purposes; that at the time the petition was filed against her by Hustead & Tucker she was the lawfully wedded wife of Roy A. Taylor, and had been for a long time prior thereto; that she was at the said time subject to the disabilities of coverture prescribed by the laws of the state of Texas, and as such could not be lawfully joined as a party defendant in that cause of action without at the same time joining her husband as a defendant; and that her husband was not made a party defendant. She further alleges that Dave Bowen, who was jointly sued with her in said cause No. 8744–B, for said supplies, was never served with citation; that he had never accepted service or waived the issuance of service of process upon him, and did not appear and answer; that the action was not dismissed as to Bowen; and that the judgment as to him was therefore a nullity. She further alleges that she is without legal remedy, and although the judgment is void it imports verity on its face, and that the defendants are seeking to have her property sold under execution issued thereon; that at the time of the institution of the suit and of the rendi-

tion of the judgment and now she has a good and meritorious defense to the judgment; that she has no remedy at law, and will suffer irreparable loss and injury unless the injunction herein prayed for is granted and made perpetual. A temporary injunction was issued, and on April 16, 1921, Hustead & Tucker answered, alleging, in substance, that Mrs. Taylor and her husband were estopped by their laches to reopen said case No. 8744–B; that citation was duly served upon Mrs. Taylor by the proper officer, requiring her to appear at the September term, 1920, of the court and present her defense, if any, which she failed to do; that judgment was duly taken on January 10, 1921, against both Mrs. Taylor and Dave Bowen; that if Mrs. Taylor was a married woman it was incumbent upon her to file her plea of coverture in due time, thereby notifying Hustead and Tucker of her statutory disability and giving Hustead and Tucker a chance prior to judgment to join her said husband in said suit; that, having failed to plead her coverture and permitting the suit to proceed to judgment, she is estopped from pleading such defense now; that by her negligence she is estopped to set up any meritorious defense, if she has any, at this time.

Dave Bowen is not made a party to this action, and is not seeking any relief against the judgment. He testified as a witness that no citation had ever been served upon him in the original action. The recitation of the judgment in that action is in part as follows:

"Now on this the 10th day of January, A. D. 1921, came on to be heard in open court the above entitled and numbered cause, and the plaintiff Hustead & Tucker appearing in person and by their attorneys, and the defendant Dave Bowen and Mrs. Roy (Della) Taylor came not, but wholly made default, and, though it appeared that due and legal process had been had upon the defendant, no answer was by them filed, and no appearance noted; and, it appearing to the court that all of the material allegations in plaintiff's petition were fully proven and are true, and that the plaintiff was entitled to a judgment against the said defendant as prayed for in plaintiff's petition, it is therefore ordered, adjudged, and decreed that the said Hustead & Tucker do have and recover of and from the said Dave Bowen and Mrs. Roy (Della) Taylor the sum of $5,754.55, etc."

The substance of the court's findings of fact upon this proceeding is that Hustead & Tucker filed their lien in due time, and served Mrs. Taylor with notice of their intention to foreclose it; that they subsequently filed their action for that purpose in the district court of Wichita county; that citation was issued out of said court in due and legal form, and on the same day was served upon Mrs. Taylor; that on the 10th day of January, the defendants having wholly made

default, the plaintiffs took judgment against her, and thereafter on the 5th day of February an order of sale was issued out of said court, commanding the sheriff to sell the property described therein; that said property was advertised to be sold on the 5th day of April, 1921; that Mrs. Taylor applied for and was granted a temporary restraining order against the sheriff; that thereafter Hustead & Tucker filed their motion to dissolve the restraining order, and that thereafter, on the 8th day of August, 1921, the court, after hearing the evidence and the argument, finds that all things on the part of plaintiff were proper and legal in form and manner; that there was no pleading filed in the original cause advising any one that Mrs. Taylor was a married woman or claimed her defense of coverture until about eight months after the plaintiffs had filed their action and about three months after judgment had been rendered, and then only upon the day that the sheriff was preparing to sell the property in satisfaction of the judgment. The court concludes as a matter of law that the service upon Mrs. Taylor in the original suit was proper and regular; that, having failed to answer, she was estopped to set up her plea of coverture at this time, and that plaintiffs are entitled to have the property sold, and to recover of Mrs. Taylor their costs in the injunction proceeding.

[1, 2] We will dispose of the appellant's contention by a general discussion of the points urged in the several propositions. The evidence sustains the court's finding Mrs. Taylor was duly served with citation. The wife, when sued, waives her defense of coverture by not properly pleading it. Harvey v. Cummings, 68 Tex. 600, 5 S. W. 513; Caldwell v. Brown, 43 Tex. 216; Phelps v. Brackett, 24 Tex. 236; Hamlett v. Coates (Tex. Civ. App.) 182 S. W. 1144. Where there is nothing in the pleadings to show that a defendant in an action is a married woman, if she is duly cited to appear and makes default, a judgment rendered against her as a feme sole is not void. Focke v. Sterling, 18 Tex. Civ. App. 8, 44 S. W. 611.

[3, 4] In a proceeding like this to set aside a default judgment, the applicant must negative the want of diligence on her part. This the appellant has failed to do. The record discloses that she has been negligent to such an extent as to deprive her of the right to the injunction sought in this action. She not only failed to answer, but also failed to resort to her legal remedies of motion for new trial and appeal. This action was filed within the time given her to prosecute the writ of error. To entitle her to the relief sought, she must further show that she had a meritorious defense to the plaintiff's action. Bergstrom v. Kiel, 28 Tex. Civ. App. 532, 67 S. W. 781. Both her pleadings and her evidence failed to show a meritorious defense. Coverture is not in all cases a defense to an action against a married woman. Whitney Hardware Co. v. McMahan (Tex. Sup.) 231 S. W. 694; Armstrong v. Turbeville (Tex. Civ. App.) 216 S. W. 1101; Crutcher v. Sligar (Tex. Civ. App.) 224 S. W. 227. In the case of Mrs. S. O. Cauble v. Beaver-Electra Refining Co., 243 S. W. 762 (not yet [officially] published), similar in many respects to the instant case, this court has held that a married woman is liable upon a contract for fuel oil used in the course of her business as an oil operator and in drilling work.

[5] If in fact citation was not served upon Mrs. Taylor's codefendant Bowen, the judgment might be avoided by him, but he is not a party to this action, and has not complained either in the trial court or in this court. That feature of the case is therefore not before us. It does not affect the validity of the judgment against Mrs. Taylor if the service upon her is complete.

No reversible error is shown, and the judgment is affirmed.