## WILLIAMS et al. v. BORCHERS.
### (No. 6810.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1922. Rehearing Denied Nov. 28, 1922.)

**1. Husband and wife ⬅➡238(5)—Married woman not entitled after term to have judgment on personal service set aside as not binding on separate estate.**

Where judgment was rendered on personal service against a husband and wife jointly, and the wife failed to plead coverture or other defenses showing her exemption from personal judgment, and also failed to appeal, she could not after term time have the judgment set aside as to her as not being binding upon her separate estate; no sufficient reasons therefor appearing.

**2. Husband and wife ⬅➡238(6) — Married women bound by judgments of courts of competent jurisdiction.**

Married women stand upon the same footing as men as to judgments of courts of competent jurisdiction.

**3. Judgment ⬅➡486(1)—When judgment subject to collateral attack stated.**

To attack a judgment collaterally, it must with other equitable reasons be clearly shown that it was void for want of service, obtained by fraud, or other facts equivalent thereto that render it void.

**4. Husband and wife ⬅➡238(7) — Erroneous judgment against married woman not necessarily void.**

A personal judgment against a married woman may be erroneous as disregarding proper defenses, but still not be void.

**5. Judgment ⬅➡505—Judgment on issues not made by pleadings voidable merely.**

A judgment upon a matter not made an issue by the pleadings is not absolutely void, but voidable only.

**6. Husband and wife ⬅➡238(7) — Personal judgment against married woman sued jointly with husband held not void.**

Where a married woman sued jointly with her husband was duly cited, and the matter of her personal liability directly put in issue, a judgment against her by a court having jurisdiction *held* not void.

**7. Husband and wife ⬅➡239—What necessary for judgment against married woman stated.**

To recover against a married woman, where the proper plea and defense of coverture is timely urged, it must appear that the debt incurred by her was for the benefit of her separate property, or for necessaries purchased by her, but, where no such defense is made, such showing is unnecessary.

#### On Motion for Rehearing.

**8. Husband and wife ⬅➡229(3) — Complaint held to state cause of action against married woman jointly sued with husband.**

A complaint against husband and wife jointly to foreclose a chattel mortgage and on the note secured *held* to state a cause of action against the wife.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Suit by Katherina Borchers against F. J. Williams and others to set aside a judgment and for an injunction. From a judgment for plaintiff setting aside the judgment from which relief was prayed, and perpetuating the injunction, defendants appeal. Reversed and rendered, and injunction dissolved.

P. E. Johnson and B. P. Lane, both of San Antonio, for appellants.

Diedrich A. Meyer, of San Antonio, for appellee.

COBBS, J. On the 15th day of April, 1915, in the suit of Neta I. Henderson v. Henry Borchers et al., pending in the county civil court of Bexar county, plaintiff recovered a judgment upon the recitation of service duly made upon and against the defendants, Borchers and Katherina Borchers, and S. E. Dowdy, as surety, for the sum of $457.01, with interest at the rate of 10 per cent. per annum, with foreclosure of a chattel lien upon certain personal property. No appeal was ever taken from this judgment, and it has remained in full force and effect ever since.

At the time said judgment was taken the said Katherina and Henry Borchers were husband and wife, and so recited in the pleading. On the 7th day of April, 1915, an abstract of this judgment was duly filed in the records of Bexar county. While this petition showed that Henry Borchers and Katherina Borchers were husband and wife, it contained no allegations showing any statutory liability that made the debt a charge on the wife's estate or for the bene-

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fit of her separate property, or for necessaries furnished to her or her children.

Some time during the year 1916 the said Katherina obtained a divorce from her said husband. One-half of the judgment was assigned to Ben P. Lane. Neta I. Henderson died leaving Alice B. Williams, wife of F. J. Williams, her sole heir.

S. E. Dowdy has died since the rendition of the judgment leaving his wife, Kate Dowdy, and the following children: Willie Dowdy, Lucille Dowdy, Eugene Dowdy, Walter Dowdy, and Earl Dowdy, the surviving heirs.

On the 29th day of August, 1918, this suit was brought to set aside the said judgment in so far as it awarded a personal judgment against Katherina Borchers. After the institution of said suit Ben P. Lane, Alice B. Williams and her husband, F. J. Williams, instituted a suit in one of the district courts of Bexar county seeking to foreclose the judgment lien arising out of the judgment against the said Katherina Borchers in said cause No. 6509.

On the 4th day of June, 1921, the said county court granted a temporary injunction against Alice B. Williams and her husband, F. J. Williams, and Ben Lane, restraining them from prosecuting said suit in the district court until the county court disposed of said cause.

The trial court found that the indebtedness evidenced by the chattel mortgage recited in the judgment was not incurred by Katherina Borchers for the benefit of her separate property, nor contracted by her for necessaries furnished herself or her children.

The case was tried by the court who filed findings of fact and conclusions of law. The court rendered judgment awarding a personal judgment setting aside and annulling the original judgment against Katherina Borchers, and perpetuated the injunction granted against Alice B. Williams, F. J. Williams, and Ben P. Lane.

There were many special exceptions filed by appellant's attacking the appellee's petition for relief, but the disposition we make of this case renders it unprofitable, both as to time and space to discuss the special rulings and questions there raised.

The questions here for determination are: Was the judgment void, and, if not, could it be collaterally attacked? The judgment was a personal one against Mrs. Katherina Borchers, and her husband, upon a note and chattel mortgage signed by them both; neither the pleadings nor judgment describing that the obligation was for the benefit of her separate estate.

[1] The appellants' first contention is that, if such an attack could be made in an independent suit or motion in the nature of a new trial against an erroneous judgment, it then does not allege facts that would entitle them to any relief in such a proceeding filed after term trial. It is not alleged there was any fraud in its procurement, or other sufficient equitable grounds, if such an attack were permissible. Mrs. Borchers was sued on an obligation she signed jointly with her husband and duly cited and called to make any defense that she may have had. No plea of coverture nor other defense was timely made by her or otherwise presented claiming her exemption from a personal judgment, or that it was not an obligation binding on her, or upon her separate estate. In the eyes of the law, she was in the court every minute of the time, and charged with knowledge of every step taken. She had the legal right to appeal her case, but she will not be heard after term time, based upon no sufficient reasons, to set aside the solemn judgment of the court rendered upon personal service. Bergstrom v. Kiel, 28 Tex. Civ. App. 532, 67 S. W. 781; Taylor v. Hustead & Tucker (Tex. Civ. App.) 243 S. W. 768.

[2] Under the authorities, common sense, justice, and fair dealing between man and man, and married women, the one as the other, under the law, alike stand bound by the judgments of courts of competent jurisdiction, or else the judgments of such courts become a joke and a farce. Bergstrom v. Kiel, 28 Tex. Civ. App. 532, 67 S. W. 781; Burnley v. Rice, 21 Tex. 171; Robbie v. Upson (Tex. Civ. App.) 153 S. W. 406; Kruegel v. Cobb et al., 58 Tex. Civ. App. 449, 124 S. W. 723; Johnson et al. v. Templeton, 60 Tex. 238; Nichols v. Dibrell, 61 Tex. 539; Gulf, T. & W. R. Co. v. Lunn et al. (Tex. Civ. App.) 141 S. W. 538; Drinkard v. Jenkins et ux. (Tex. Civ. App.) 207 S. W. 353.

[3] To attack a judgment collaterally, it must, with other equitable reasons, be clearly shown that it was void because of want of service, obtained by fraud, or other facts equivalent thereto that renders it void. White v. Powell, 38 Tex. Civ. App. 38, 84 S. W. 836; Clegg v. Darragh, 63 Tex. 361. It is said in Railway Co. v. Lunn (Tex. Civ. App.) 141 S. W. 540:

"In order to entitle the appellant to the relief sought in this proceeding it must appear from the petition that it alleged the existence of facts that called for the exercise of the general power of the district court to grant equitable relief from a judgment rendered in a court of law. This relief will be given when it is shown that the judgment attacked is void for lack of jurisdiction in the court over the subject-matter of the litigation, or over the parties to the suit (Railway Co. v. Rawlins, 80 Tex. 580, 16 S. W. 430; Railway Co. v. Dowe, supra), or when it is shown that the judgment was procured by fraud, accident, or mistake."

[4] Such a judgment may appear palpably erroneous, or that, if the proper defense of coverture and the like had been presented and urged, as they were not, so that no per-

sonal judgment could have been entered, still that would not make such a judgment void. Trimble v. Miller, 24 Tex. 215; Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876.

[5] We do not agree with appellee that generally a judgment upon a matter not made an issue by the pleadings is absolutely void. Such is not the law. It may be voidable.

[6] This judgment against Mrs. Borchers is not void. The court had jurisdiction. She was duly cited. She was sued on a joint obligation with her husband. The matter of her personal liability was put directly in issue by the suit to recover against her thereon. It sought a monied judgment against her and the foreclosure of a chattel mortgage lien. This court has held, as contended by appellee, that a court is without jurisdiction to render a judgment against one party in favor of another without the pleadings filed have a basis in favor of such party with process duly served upon him. Edinburg Irr. Co. v. Paschen (Tex. Civ. App.) 223 S. W. 329. But appellees are unfortunate in not bringing this case within that rule. The distinguishing feature is that the court did have jurisdiction to pronounce a judgment on the pleading seeking a personal judgment upon personal service duly made against both.

[7] If the proper plea of coverture had been presented, or proper defense timely made, no personal judgment may have been entered, or when rendered permitted to stand, for, in order to recover against a married woman, where the proper plea and defense is timely urged, and the pleading promptly challenged to, show a sufficient cause of action, it must appear therefrom that the debt was incurred by her for the benefit of her separate property, or for necessaries purchased by her, but to the contrary where there is no defense made to such a petition as set forth herein. Appellees admit in the brief:

"The suit of Katherina Borchers to have the judgment set aside is not a suit upon any strict equitable grounds, such as fraud, accident, or mistake. Her suit to have the judgment set aside is an assertion of a strict legal right. If the judgment was an absolute nullity and void, then she had a legal right, as contradistinguished from an equitable right, to have the judgment set aside at any time. Likewise, if the judgment against her was merely voidable, still Katherina Borchers sought to have it vacated on the strict legal ground that no cause of action was pleaded against her upon which a judgment could be based, that is to say; that the judgment rendered against her was at least erroneous on its face. And, since Katherina Borchers in any event was asserting a legal right, when she first filed this suit to vacate the judgment, the equitable doctrine of laches does not apply."

The judgment sought to be set aside was not void, and the appellee cannot be heard now in this proceeding to have it canceled. It was rendered upon a pleading sufficient to support a personal judgment, with the proper parties before the court, from which no appeal was prosecuted. Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347.

The judgment of the trial court is reversed and hereby rendered against appellees in favor of appellants.

It is further therefore ordered that the injunction be dissolved, and judgment here rendered against appellee and the sureties on the injunction bound for all costs.

## On Motion for rehearing.

The appellee challenges the holding of this court in stating there was a cause of action asserted against Katherina Borchers in the cause in which the original judgment was rendered. Now, let us ascertain if there was. It alleges:

"For cause of action plaintiff says heretofore, to wit, on the 2d day of April, A. D. 1914, defendants Henry Borchers and Katherina Borchers executed and delivered to said S. E. Dowdy their promissory note in words and figures substantially as follows.

"'$406.00. San Antonio, April 2, 1914.

"'On October 1, 1914, after date, for value received, I, or either of us, promise to pay to the order of S. E. Dowdy at the office of W. A. Wurzbach, in San Antonio, Texas, the sum of four hundred and six dollars ($406.00) in gold, with interest from date hereof until maturity at the rate of 8 per cent. per annum, and 10 per cent. per annum after maturity, interest payable maturity, with 10 per cent. attorney's fees on the principal and interest if this note is placed in the hands of an attorney for collection, or if collected by suit or through administration or bankruptcy proceedings upon the estate of payor.

"'In case default is made in payment of this note or any installment of interest when due, then this note, and all the notes of even date herewith, shall become due and payable at the option of the payee or legal holder thereof. Deferred payments of interest shall bear interest at the rate of 10 per cent. per annum.

"'This note is secured by a chattel mortgage on the following described furniture: One brass bed with mattress; one carpet; one washstand; one dresser; one chiffonier; one dressing table; one rocking chair, all of bird's-eye maple; five chairs; one sofa; one table; one big carpet; two small rocking chairs; two small rugs; one curtain; all the linoleum in the house at No. 330 Marlborough place, in the city of San Antonio, Bexar county, Texas.

"'[Signed] Henry Borchers.
"'Katherina Borchers.'

"And to secure said note defendants Henry Borchers and Katherina Borchers executed and delivered to said S. E. Dowdy their certain mortgage on the property above described, said mortgage being of even date with said note, wherein and whereby said Henry Borchers and Katherina Borchers became bound and obligated to pay the sum of money and interest and attorney's fees named in said note.

"That interest on said note has been paid up to the 29th day of December, A. D. 1914, and there is now due on same the principal sum of $406, and interest from the 29th day of December, A. D. 1914, at the rate of 10 per cent. per annum.

"The defendants were often requested to pay said principal and interest, but have failed to pay same or any part of it. And by reason of default of defendants payment of said note plaintiff has been compelled to place same in the hands of an attorney for collection, to wit, Ben P. Lane, an attorney of San Antonio, Tex., and has agreed to pay the said attorney the attorney's fee stipulated on said note, to wit, 10 per cent., wherein and whereby the defendants are bound and obligated to pay said 10 per cent. attorney's fees.

"By reason of said mortgage plaintiff has valid and subsisting lien upon the property above described and is entitled to have same foreclosed.

"Therefore plaintiff prays that defendants be cited to appear at the next regular term of this honorable court and answer this petition, and that on final hearing thereof she have judgment against defendants Henry Borchers and Katherina Borchers, as principals, and S. E. Dowdy, as surety, for her debt in the sum of $406 principal, and interest at the rate of 10 per cent. per annum from the 29th day of December, A. D. 1914, together with 10 per cent. on the amount of said principal and interest as attorney's fees and for costs of court, and for foreclosure on said chattel mortgage, and for such and other and further relief, both in law and equity, to which she may be justly entitled."

[8] Now, if this does not state a cause of action, it will be very difficult to plead one merely on a joint obligation. If this is not a complete answer to appellee's contention, then read the supplemental petition in the same case as to what is alleged as an estoppel pleaded, setting up the agreement of the said defendants to secure an extension of the note for 90 days:

"'In consideration of the extension of our note of $406.00 made April 1, 1914, to S. E. Dowdy, and now due, we agree to pay you $10.00 for your legal services, pay the interest up to date in the sum of $16.32, and pay ninety days' interest in advance at 10 per cent., in the sum of $10.15, same aggregating $36.39, which we agree to pay October 3, 1914, and we agree to promptly pay the holder of the note entire principal of said note amounting to $406.-00, ninety days from this date.

"'[Signed] Henry Borchers.
"'[Signed] K. Borchers.'

"And plaintiff pleads said agreement as an estoppel to defendants' attempted plea of failure of consideration.

"And plaintiff further pleads the same as a binding contract and agreement on the part of the defendants to pay said note at the time set out in said contract, to wit, 90 days from the 1st day of October, A. D. 1914, and an extension of 90 days was granted defendants in consideration of said promise and payment of interest.

"That plaintiff acquired said note sued on herein from a bona fide innocent purchaser for a valuable consideration, who acquired said note before the maturity thereof, and without notice of any of the alleged defenses thereto, attempted to be set up in defendants' answer, and that she is entitled to all the rights of such innocent purchaser."

We cannot see how appellee can, in the face of the pleading itself, a reference to which they invoke, contend for a single moment that there was no pleading or service in the case upon her, and that such judgment was void.

The appellee contends the holding is in conflict with the decisions of the Supreme Court and other cases in this state, and cites in support of her position Shaw v. Proctor (Tex. Civ. App.) 193 S. W. 1104, contending we overruled the cases of Trimble v. Miller, 24 Tex. 214, Covington v. Burleson, 28 Tex. 368, Menard v. Sydnor, 29 Tex. 257, and Haynes v. Stovall, 23 Tex. 625, in which appellee asserts in the motion that in all those cases the petitions were just such as theirs. If they were, still the questions decided in all except the Shaw Case were raised on a direct appeal. Harris v. Finberg, 46 Tex. 79 (not in point).

Since writing the opinion in this case we have written an elaborate opinion in the case of the Edinburg Irrigation Co. et al. v. A. Ledbetter et al., where we discuss very similar questions on collateral attacks upon judgments.

In the Shaw Case, supra, the basis of the judgment attacked was that it was based upon a promissory note executed by Nettie Temple Proctor and her son, Louis F. Proctor, she being a married woman at the time, and she did not execute the note with the knowledge or consent of her husband, Fred J. Proctor. It was not for necessaries nor for the benefit of herself or children, but as an accommodation to her son in a business transaction. In such cases the statute provides, among other things:

"Wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract." Art. 4624, Vernon's Sayles'.

Such obligations of the wife without the joinder of the husband are void. They are in the very teeth of the statute, and are invalid obligations, and that is all that is held in the cited cases.

The case of Trimble v. Miller, cited supra, is not in point. This case was disposed of on an appeal and judgment reversed and cause remanded because the petition failed to disclose that the debt was contracted for the benefit of the wife's separate property, or any other fact that would authorize a judgment against her. To the same effect is the case of Haynes v. Stovall, cited supra.

Precisely to the same effect is the case of

Covington v. Burleson, 28 Tex. 368, cited supra by appellee. In part it cites the Trimble Case as an authority for the holding. This case was decided on a direct appeal from the judgment. To the same effect is the case of Menard v. Sydnor, cited supra by appellees. This was a direct appeal from the judgment, and it was held:

"It appears very clearly that Virginia Menard, one of the plaintiffs in error, was, at the date of the execution of the deed of trust which is the foundation of this suit, and at the time this judgment was rendered, a feme covert, the wife of her coplaintiff in error, and this judgment is rendered against her generally, and execution authorized to issue as well against her as against A. B. Menard, her husband, for such amount as may be left unpaid by the sale of the land.

"It is not pretended that there is any such allegation of facts in the petition as would make the debt sued for a charge on the separate estate of Mrs. Menard, without which, it is well settled, a general judgment against her cannot be sustained. Lynch v. Elkes, 21 Tex. 230; Trimble v. Miller, 24 Tex. 215; Haynes v. Stovall, 23 Tex. 625."

If this cause had been a direct appeal from the judgment, as it was in the above-cited cases, and the suit shown to be in a joint obligation of the wife and the husband or an obligation not for the benefit of her separate estate and children, it would not have stood, and the relief here would have been the same as held in the cases cited.

This cause presents an attack upon a voidable judgment not on appeal, and there is no similar case cited where the husband and wife are sued upon their joint obligation, that the judgment is void.

Of course, if we are in conflict with, or are overruling, our Supreme Court, as is vigorously contended, then a writ of error would no doubt be granted. But we do not so view the matter, and, as there is nothing new presented that we have not already considered, we adhere to our original opinion, and the motion is overruled.