THOMAS POWER v. SARAH D. GILLESPIE.

It is a well settled rule that when a party has permitted a judgment to be recovered against him by his own negligence or laches, a new trial will not be granted.

Nor has a want of knowledge by a party of facts which it was material for him to know, been held to afford him any ground of relief, when, by the use of reasonable diligence, he might have known such facts. In such cases, the question is, not what the party knew, but what, by using reasonable diligence, he might have known.

When a judgment of the District Court is reversed and the cause remanded by the Supreme Court, the parties to the suit are chargeable with knowledge that the case may be called for trial at the next ensuing term of the District Court; and a party cannot absent himself from that term on the ground that he was ignorant that the opposite party designed paying the costs of the Supreme Court, and thereby ensuring the filing of the mandate at the ensuing term of the District Court, so that the cause might stand for trial at that term.

The absence of counsel to attend another court, does not, without other circumstances, furnish any ground for opening a judgment and granting a new trial.

APPEAL from Calhoun.    Tried below before the Hon. Fielding Jones.

This was a petition in the nature of a bill in chancery for a new trial, filed by the appellant against the appellee, for the purpose of obtaining a new trial of an action of trespass to try title, wherein the appellee had recovered judgment against the appellant for twelve hundred and eighty acres of land on Live Oak Point, in the county of Refugio.    Upon allegations of surprise and circumvention—the substance of which is indicated in the opinion of the court—the petitioner obtained a temporary injunction against the execution of the writ of possession.

At the Fall Term, 1859, the case came to a hearing on the defendant's demurrer and motion to dissolve the injunction, when the demurrer was sustained, the injunction dissolved, and the petition dismissed.    The plaintiff appealed.

*R. Hughes*, for the appellant.

Power v. Gillespie.

*J. F. Smith*, for the appellee.

MOORE, J.—It is a well settled rule that a new trial will not be granted when a party has permitted a judgment to be recovered against him by his own negligence or laches. Nor has a want of knowledge of facts which it was material for him to know, if by the use of reasonable diligence he might have known them, been held to afford him any ground for relief. The question in such cases always is, not what the party knew, but what, by using reasonable diligence, he might have known. The counsel for the appellant was, evidently, not ignorant that the case, to obtain a new trial of which the present proceeding was instituted, might and probably would stand for trial at the term of the District Court at which the judgment was rendered which he is seeking to set aside. When a judgment of the District Court is reversed in this court, and a cause remanded for further proceedings in that court, the parties to it are, by law, chargeable with knowledge that the case may be called for trial at the next term of the District Court. And a party cannot absent himself from the court upon the ground of his ignorance that the opposite party designed paying the costs of this court, to ensure the filing of the mandate at the ensuing term of the District Court, so that the case might, at that term, stand for trial. Nor will the absence of counsel to attend to business in another court, without other circumstances, furnish any ground for opening the judgment. The only plausible reason presented in the petition for setting aside the judgment, is the statement that appellant's counsel had made an agreement with Mr. Hale for the continuance of all of his causes in the said District Court at its ensuing term. But it must be observed that it is not alleged that Hale had any connection with this case, or that the counsel had any reason to suppose that his agreement with him would, in any manner, control it. The answer, also, distinctly and positively denies that there was any agreement with Hale for the continuance of the case, or that he was counsel in it, or had any right to control it. It cannot be said, therefore, that the counsel was justified by this agreement in absenting himself from the court, and being absent without sufficient excuse, his subsequent exertions to secure

a continuance of the case through Mr. Glass, under this agreement with Mr. Hale, and the failure of his messenger to meet him in time for him to reach Indianola before the adjournment of the court, present no legal ground for vacating the judgment.

The judgment is affirmed.

Judgment affirmed.