## D. R. FANT v. W. W. JONES.

Decided May 18, 1904.

**1.—Dismissal of Cause—New Trial—Delay in Filing Motion.**

A delay of five days in presenting a motion for new trial, upon dismissal of plaintiff's cause for want of prosecution, was not excused by the fact that plaintiff was unable to communicate with his attorney, it being incumbent upon him to engage other counsel, if he intended to move for new trial, immediately upon finding that he could not reach such attorney; nor is such a delay excusable upon the ground of sickness, it not appearing that he was prevented thereby from attending to his other business.

ON MOTION FOR REHEARING.

**2.—Practice on Appeal—Overruling Motion for New Trial.**

Although a motion for new trial filed more than two days after dismissal of plaintiff's cause was entertained and overruled, the appellate court may nevertheless affirm the judgment of dismissal on an insufficient showing of reason for the delay without passing on the questions raised.

**3.—Negligence of Attorney—Setting Aside Judgment.**

When a case has been disposed of a litigant is not entitled to have the judgment set aside where it appears that it was the result of the negligence of his attorney.

Appeal from the District Court of Bee. Tried below before Hon. Jas. C. Wilson.

*Ogden & Brooks* and *S. J. Lancaster,* for appellant.

*Dougherty & Dougherty* and *John C. Beasley,* for appellee.

JAMES, CHIEF JUSTICE.—This is an appeal from an order denying appellant a new trial.

Fant sued Jones for damages for the alleged breach of a contract of November 2, 1898, to deliver him 1000 cows with calves. The action had been pending some years, had been tried at the February term, 1901, when the jury failed to agree. The case was continued at September term, 1901, on account of sickness of plaintiff, and had been since continued from term to term by agreement of the parties.

On February 8, 1904, the case was regularly called for trial, and dismissed for want of prosecution.

On February 13th plaintiff filed a motion for new trial, and on February 15th an amended motion.

Inasmuch as we have come to the conclusion that plaintiff in connection with the motion did not show a reasonable excuse for not filing it within the time prescribed by statute, it is not necessary for us to decide whether or not, if filed in time, the showing made would have entitled plaintiff to a new trial.

The dismissal occurred on Monday, February 8, 1904. On February 9th Fant, then in San Antonio, was notified by telephone that the case had been dismissed. Plaintiff's attorney had left Beeville the day before on what he states was very important business; the nature of which,

however, was not disclosed. Plaintiff made a showing that he was not able to safely go to Beeville to attend court on account of his physical health, but it does not appear that his sickness was such as disabled him from attending to his affairs. Beeville and San Antonio were connected by telegraph, telephone and daily trains. Plaintiff in his motion states that immediately on learning that said judgment had been rendered he endeavored to get into communication with his attorney, and did not succeed in doing so until he found him in San Antonio on February 12th, when he secured his affidavit and immediately employed his present counsel. They filed the motion the following day, the 13th. These are substantially the facts which concern plaintiff's excuse for not having filed his motion for new trial in time.

In our opinion they do not exhibit any reasonable excuse for the failure to do so. He knew of the judgment of the 9th. He had all next day in which to file his motion, which he could readily have caused to be done. Not only was it shown that there was a daily train to Beeville, but the fact is that the counsel he engaged on the 12th filed this motion in Beeville on the 13th. That he was ill enough to forbid his leaving home to attend court was no excuse for not filing the motion when his ability to transact ordinary business was not negatived, and also when from his own showing it appears he was able to make persistent effort to communicate with his attorney from and after learning of the judgment. His failure to get into communication with his attorney does not offer a reasonable excuse, when it is apparent that any real attempt to communicate with the latter at Beeville must have resulted in plaintiff being informed of the fact that he was not there. The statement in the motion, "That immediately on learning that said judgment had been rendered he endeavored to get into communication with the said Hill and did not succeed in doing so until he found him in San Antonio on the 12th day of February," implies that he knew on the 9th that his attorney was not in Beeville or could not be found, and that he set to work to find him. When he ascertained, as he must have done on the 9th, that his attorney was not in Beeville, and he could get no trace of him, the advisability or the necessity would have suggested itself to any reasonable person in plaintiff's situation, of resorting to other counsel in reference to a new trial, if he intended to pursue such course. The energy which plaintiff appears to have used in trying to find his attorney would have enabled him to file his motion in time, if it had been directed to that end.

Plaintiff was charged with knowledge of the law limiting the time for filing such motions, and does not even attempt to negative the fact that he had such knowledge. While the courts should not be too strict in reference to granting new trials, they should not encourage indifference in reference to the filing of such motions in time.

The order overruling the motion is a general one, and it is our duty to sustain it on any theory of the evidence which may support it. The court may have concluded that plaintiff's motion, which came in more

than two days after the judgment, was not attended with a showing that excused the delay, and for this reason overruled it. We are of opinion that this course was warranted; and that under the circumstances indicated plaintiff is not in a position to have the merits of his motion reviewed, as he would have been as matter of legal right had his motion been filed in time. Plaintiff's legal rights would have been violated had the court dismissed his motion instead of overruling it.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The motion insists that as the judge's order shows that he considered the motion and the affidavits, notwithstanding the motion was filed after the two days, he did not base the order on that fact, but entertained the motion and overruled it instead of dismissing it, and therefore this court should have passed on the question as though the motion had been filed in time. It seems to us that the order, which states no reasons for overruling the motion, should be sustained on any view which will support it.

In Foster v. Martin, 20 Texas, 119, on a motion filed too late, the court made an order overruling the motion, and one of the reasons given for affirming the judgment was that no sufficient excuse was shown why the motion was not filed in time.

Even on appellant's theory there appears to be no reason for disturbing the judgment.

Where a case is thus disposed of a litigant is not entitled to have the judgment set aside where it appears that it was the result of the negligence of his attorney. Browning v. Pumphrey, 81 Texas, 167; Power v. Gillespie, 27 Texas, 370. The court on the testimony before it might have concluded that such was the fact. The case for plaintiff appears to have been totally unprepared for trial. It is immaterial whether or not this was the fault of plaintiff or of his counsel. Defendant was ready for trial when the case was called, and had at considerable trouble and expense brought witnesses from a distance to Beeville. Under these circumstances suppose the plaintiff's attorney had been in attendance on the court, would not the result have been the same? It was not made to appear that plaintiff's case could have been sustained by his own testimony, and it does appear from his showing that it depended on the testimony of other witnesses. These witnesses had not been subpoenaed, nor their depositions taken, and they were not shown to reside in Beeville. The testimony shows affirmatively that the attorney had no reason whatever at any time to believe that the case would be postponed when called. Although the attorney had been informed by plaintiff by telephone that he was unable by reason of sickness to be present, the attorney was in no position to present that fact, by affidavit, sufficiently for the purpose of procuring a continuance. Under these circumstances, if he had not absented himself, it is evident

(at least the strong probability is) that plaintiff would have had to take a nonsuit or suffer judgment to go against him. Would it have been contended in that event that plaintiff would have been entitled to a new trial? If not, it seems to us absurd to say that he was in a better position because his counsel was absent.

The real reason why matters were allowed to take the course they did was probably the simple fact of negligence in the preparation of plaintiff's case for trial, and the court would have been justified in concluding, as it may have done, that such was the case.

Besides the motion and affidavits failed to show any facts from which the court could have determined that there was a meritorious cause of action, such a showing as would indicate a reasonable possibility of plaintiff's obtaining through a trial the recovery sought.

We would be inclined to hold that a litigant should have a new trial where the order of dismissal is the result of his attorney's sudden and unexpected desertion of his case at the critical time, and to no other cause. Such a condition is very different from where the judgment may be ascribed to negligence of plaintiff or his attorney.

The motion is overruled.

*Overruled.*

Writ of error refused.