### C. W. WHITE v. J. T. POWELL ET AL.

Decided January 18, 1905.

**1.—Action to Set Aside Judgment—Diligence.**

In a suit to set aside a judgment duly rendered by a court of competent jurisdiction, it is not sufficient to show that injustice has been done, or that plaintiff had a good defense which he was prevented from making upon the trial, but he must show a clear case of diligence as well as merit—that he had a good defense which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part.

**2.—Same—Discharge in Bankruptcy—Pleading.**

When a defendant suffers judgment to be taken against him which he might have avoided by pleading and proving his discharge in bankruptcy, he can not obtain relief therefrom in equity.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*J. B. Scarborough* and *Paschal & Ryan,* for appellant.—This bill in equity having been timely filed, the evidence showing a valid defense to the cause of action asserted in cause number 3087, and showing that defense was not made because of the fraud and the violation of the agreement filed in that cause, and showing no want of laches on the part of defendant White, judgment should have been for plaintiff herein, annulling and vacating the former judgment. McCorkell v. Everett, 16 Texas Civ. App., 560; Kelly v. Ward, 94 Texas, 293; San Antonio Bank v. McLane, 5th Texas Ct. Rep., 851; Silliman v. Taylor, 9 Texas Ct. Rep., 956; Plummer v. Powers, 29 Texas, 15, 60 Texas, 239.

*Clark & Davis* and *George Powell,* for appellees.—1. In inquiring into the merits of the defense of the original suit only such defenses as were pleaded in the original case can be considered. Horn v. Phelps, 65 Texas, 593; Nichols v. Dibbrell, 61 Texas, 539; Woolley v. Sullivan, 45 S. W. Rep., 377.

2. Where a defendant in a pending suit is discharged in bankruptcy before judgment he must plead his discharge before judgment. Failing in this, he has no other remedy. Miller v. Clements, 54 Texas, 351; Coffee v. Bell, 49 Texas, 16; Easley v. Bledsoe, 59 Texas, 489.

3. He must show a case of merits, without laches on his part. Ward v. Cobbs, 14 Texas, 303; Taylor v. Knapp, 42 Texas, 256; Johnston v. Templeton, 60 Texas, 238; 1 Black on Judgments, sec. 347, et seq.; Brownson v. Reynolds, 77 Texas, 254.

NEILL, ASSOCIATE JUSTICE.—This is an original suit brought by appellant against appellees to vacate a judgment rendered against him in favor of appellee J. T. Powell, in the District Court of Bexar County, on the 30th day of December, 1901, for the sum of $1,600, and to enjoin the sale of his property levied on by virtue of an execution issued on the judgment. The cause was tried without a jury, and the injunction was dissolved and the relief prayed for denied.

The suit in which the judgment sought to be annulled was rendered was instituted by J. T. Powell against appellant on the 23d day of September, 1895, to recover $2,000 damages alleged to have been occasioned .by a breach of contract. The original answer, consisting of a general demurrer and a general denial, was filed on the 30th of November, 1895. The first amended original answer, interposing a general demurrer, a general denial, and setting up a cross-action for $2,000 damages for an alleged breach of the contract, was filed on the 16th day of February, 1897.

White, the defendant in that suit, resided in Waco, Texas, when it was instituted, and, except the three years when he was in Chicago, has continued to reside there ever since. His attorney, who filed the original answer in the case, was Joseph Ryan, who then resided, and has ever since continued to reside, in San Antonio. The amended original answer was signed by J. B. Scarborough and Joseph Ryan as his attorneys. The first-named attorney is a member of the firm of Scarborough & Scarborough, who were White's leading counsel in the case, and who then resided, and have continuously since resided, in Waco. Sometime after the amended original answer was filed Mr. Ryan withdrew from the case, and J. F. Cahill, an attorney-at-law who resided in San Antonio, became the defendant's local counsel in the case.

The plaintiff in that case, J. T. Powell, was represented in it all the way through by Geo. Powell, Esq., who was then, and has ever since been, a member of the San Antonio bar. While Mr. Ryan was of counsel in the case it was agreed between him and Mr. Geo. Powell, as attorneys for their respective clients, that the case should not be set or taken up for trial without giving the defendant and his counsel, at Waco, notice of the setting, in time for them to come to San Antonio and attend the trial.

After Mr. Ryan's withdrawal from the case, and Mr. Cahill's appearance in it as local counsel for the defendant, the agreement referred to was made known by the former to the latter, and was observed and acted upon by Powell, as attorney for the plaintiff, and Cahill as local counsel for the defendant (the agreement having been invoked a number of times by Geo. Powell to have orders of dismissal of the case for want of prosecution set aside) until Cahill's death, which occurred in April, 1901.

On the 30th day of December, 1901, the judgment sought to be annulled was rendered. After stating the style and number of the cause it is as follows: "On the 30th day of December, 1901, came on to be heard the above entitled and numbered cause, and came plaintiff, in person and by attorney, and defendant, C. W. White, though duly cited, came not, but wholly made default, and said case coming on to be heard, plaintiff announced ready for trial, and a jury being waived, and the is-

sues, both of law and fact, being submitted to the court, and the court having heard the pleadings, the evidence and argument of counsel, and having considered the law of said cause, is of opinion that plaintiff should recover of defendant, wherefore it is ordered, adjudged and decreed that the plaintiff, J. T. Powell, do have and recover of and from defendant, C. W. White, the sum of sixteen hundred dollars ($1,600), together with interest thereon from this date at the rate of six percent per annum, together with all costs of suit in this behalf expended, and for all of which let execution issue." Neither Mr. White nor his counsel in Waco had any notice that the cause was set for trial, nor of the trial thereof. Nor did any of them know of Mr. Cahill's death, nor learn of it, or of the fact that final judgment had been rendered in the cause, until in May, 1903, when execution issued on the judgment was levied on White's property by the sheriff of McLennan County. In fact, it appears from the evidence that both White and his counsel in Waco had lost sight of the case, or, at least, failed to keep in touch with it, nor know anything of the proceedings being had in it or its status after Cahill came into the case as defendant's local counsel. White, according to the allegations in his petition filed in this case, was, during the greater portion of the years 1899, 1900 and 1901, absent from the state, being in Chicago, Illinois, and the entire management and control of said cause subject to said agreement as to setting and trial was in the hands of and under the charge of said Cahill. Neither White nor his Waco attorneys seem to have had any information from or communication with Mr. Cahill in regard to the case during the entire time, notwithstanding the fact that Cahill had been paid no fee for his services in the case. According to George Powell's testimony, and it is not contradicted, the case was not set for trial at his instance and he did not know when or how it was set, and he either had to try it at the time it was tried or allow it to be finally dismissed from the docket.

On the 21st of September, 1898, C. W. White filed his petition in bankruptcy in the District Court of the United States for the Northern District of Texas, at Waco, Texas, and, thereafter, on the 23rd day of November, 1898, at a regular term of the court, received his discharge in bankruptcy. This discharge was not plead as a defense in the case wherein the judgment sought to be enjoined was rendered.

We have thus recited substantially the salient facts in the case as they appear from the record.

The appellant seeks in this case to have the judgment vacated upon the ground that it was fraudulently obtained. The fraud relied upon is that the case was set for trial and taken up and tried without giving either him or his Waco attorneys notice of the setting as provided by the agreement referred to in our statement of the facts. The fraud is thus alleged: "Said Powell and his attorney in order to secure an unconscionable advantage from the death of said Cahill and the absence of this petitioner and his attorneys Scarborough & Scarborough, and well knowing that said Cahill had full and complete control and management of the setting of said cause, and well knowing that this petitioner was a nonresident of the State and was relying upon said Cahill to give him notice, and, as this petitioner alleges and believes that he, petitioner, had no knowledge of the death of said Cahill, had

the case set down for trial on December the 30th, 1901, without the knowledge or consent of petitioner or of any attorney representing him, and without any opportunity for him or his attorney being advised thereof; although said Powell, plaintiff in said cause, and his said attorney, as petitioner believes and alleges, well knew that said Cahill was dead, and well knew that said Scarborough & Scarborough were nonresident attorneys representing this petitioner in said suit, and although said attorney, Powell, was a party to said agreement to notify this petitioner and said Scarborough & Scarborough as his attorneys, of any setting of said cause and not to proceed to the trial of said cause without such notice to said parties. . . . That nevertheless, with full knowledge of all these facts, and in violation of said previous agreement as to setting and trial of the cause, which had been by plaintiff therein expressly pleaded in specific terms and in substance, as aforesaid, and in violation of said agreement, and as petitioner believes and alleges with willful intent and purpose to defraud this petitioner, and in order to obtain an unconscionable advantage, and to prevent equity being done between the parties to said cause, plaintiff, and his attorney, had said cause set down for trial peremptorily, and did fraudulently and inequitably, as petitioner believes and alleges, without advising the court as to the true facts in the case or the existence of said agreement or of the death of petitioner's local attorney, and without the knowledge of this petitioner or any of his attorneys, took judgment against petitioner for the sum of $1,400 with 6 percent interest from date of judgment and for costs of suit."

As meritorious defense to the suit in which the judgment was rendered, plaintiff in this case plead J. T. Powell's failure and inability to perform the contract upon which he based his judgment in that case, and plaintiff's discharge in bankruptcy during the pendency of the suit of which it was alleged Powell had, or was charged with notice.

The trial court found and had entered with the judgment the following findings of fact: "1st. That the plaintiff, C. W. White, and his attorney were negligent in failing to defend the suit against him in which judgment was rendered against him on the 30th day of December, 1901, in favor of defendant in this suit, J. T. Powell, who was plaintiff in that suit, and that they were likewise negligent in failing to prosecute the crossbill set up in the answer of said White in said suit, and that said negligence was and is inexcusable.

2nd. "And the court further finds that the plaintiff, C. W. White, has wholly failed to show by evidence that he had, or has, a meritorious defense to the said suit, determined against him by said judgment, entered in this court December 30, 1901, or that he has any meritorious cause of action by reason of his petition or supplemental petition in this case."

In reference to the first conclusion of the trial court, we must hold that the evidence is reasonably sufficient to support it. This being so, it necessarily must be adopted by this court as a conclusion of fact. This conclusion, we think, is conclusive of this case. In a suit to set aside a judgment duly rendered by a court of competent jurisdiction, "it is not sufficient to show that injustice has been done, or that the plaintiff had a good defense which he was prevented from making upon

the trial. But he must further show that he has not resorted to chancery because of any inattention or negligence on his part. He must show a clear case of diligence as well as of merit; that he has a good defense which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part." (Johnston v. Templeton, 60 Texas, 238; Nevins v. McKee, 61 Texas, 413; Brownson v. Reynolds, 77 Texas, 254; Ratts v. Levy, 63 Texas, 278; Clegg v. Darragh, 63 Texas, 357; Anderson v. Oldham, 82 Texas, 228; Freeman on Judgments, sec. 503; Bergstrom v. Kiel, 67 S. W. Rep., 781; Embry v. Palmer, 107 U. S., 3 (L. E. Bk., 27, p. 346.)

We concur also in the second finding of the trial court. In this conclusion we have taken no account of appellant's discharge in bankruptcy, for it was not pleaded as a defense in the case wherein the judgment was rendered. When a defendant suffers judgment to be taken against him which he might have avoided by pleading and proving his discharge in bankruptcy, he can not obtain relief therefrom in equity. Ballamy v. Woodson, 4 Ga., 175, 48 Am. Dec., 221.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We were in error in stating in our opinion that "Cahill had been paid no fee for his services in the case." In this motion our attention has been called to the fact that appellant testified that he paid him a fee. As this evidence is uncontradicted, we find in accordance with it. This finding, however, does not affect in the least the matter discussed in the opinion to which the erroneous finding relates.

With this correction, the motion is overruled.

*Overruled.*

Writ of error refused.