## FISHER v. HEMMING et al.

(Court of Civil Appeals of Texas. Austin. June 4, 1913. Rehearing Denied Oct. 8, 1913. Writ of Error Denied by Supreme Court March 4, 1914.)

1. JUDGMENT (§ 367*)—VACATION—PROPER DEFENSE—NEGLIGENCE.

Where complainant was served in another suit with process and a petition expressly seeking to charge him personally with liability on vendor's lien notes, and, after filing a general denial in accordance with an attorney's advice, he paid no further attention to the defense of the suit until execution was levied on a personal judgment recovered against him, he was guilty of inexcusable neglect, and therefore was not entitled to sue to set aside the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 709; Dec. Dig. § 367.*]

2. JUDGMENT (§ 368*)—DEFAULT JUDGMENT—RELIEF—NEGLIGENCE OF ATTORNEY—IMPUTATION TO CLIENT.

It is no ground for relief against a judgment recovered against a party that it was obtained by reason of the mistake or negligence of his attorney; such mistake or negligence being imputed to the client.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 600; Dec. Dig. § 368.*]

3. VENDOR AND PURCHASER (§ 181*)—TRANSFER OF LAND—VENDOR'S LIEN NOTES—ASSUMPTION.

Land subject to a vendor's lien was conveyed to plaintiff by deed reciting that the conveyance was for $7,000, "paid and secured to be paid" by plaintiff, as follows: "$4,053.25 paid, receipt of which was acknowledged, and the further consideration that plaintiff take the land subject to certain indebtedness now against the land described, etc., followed by a description of the notes aggregating $2,946.75, which indebtedness was a part of that described in a prior deed to plaintiff's grantor, etc., and the further consideration that plaintiff take the land subject to taxes for 1909." Held, that the recitals of such deed indicated that plaintiff contracted to assume the payment of the notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 367, 368; Dec. Dig. § 181.*]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Suit by Charles S. Fisher against C. C. Hemming and others, to set aside a personal judgment against him on certain vendor's lien notes, and to enjoin an execution for the collection thereof. From a decree in favor of defendants, complainant appeals. Affirmed.

John B. Durrett, of Belton, for appellant. Critz & Woodward, Woodward & Baker, and Snodgrass & Dibrell, all of Coleman, for appellees.

KEY, C. J. On March 6, 1911, C. C. Hemming filed a suit in the district court of Coleman county against R. H. Atchley, George N. Beakley, J. B. Hewell, and Charles S. Fisher, in which he sought to recover a personal judgment against all of the defendants for the sum of $2,170, and the foreclosure of a lien upon certain real estate. The plaintiff alleged in his petition that he had formerly sold the land referred to to the defendant Atchley, and that Atchley had executed ven-

dor's lien notes for the amount sued for. He also alleged that Atchley had sold the land to J. B. Hewell, that Hewell had sold it to G. N. Beakley, and that Beakley had sold it to his codefendant Charles Fisher. Hemming distinctly alleged in his petition that each of the defendants in that suit, Atchley, Hewell, Beakley, and Fisher, had assumed and promised to pay the vendor's lien notes upon which the suit was based. The defendant Atchley filed an answer which, among other things, set up a cross-action against his codefendants Hewell, Beakley, and Fisher; he alleging that they had each assumed the payment of the notes owing to the plaintiff Hemming, and he asked judgment over against them. The defendant Beakley filed a similar cross-action against his codefendant and vendee Fisher, in which he alleged that the latter had assumed the payment of the notes referred to, and asked for judgment over against him. Citation upon the plaintiff's cause of action, and also upon the cross-actions set up by the defendants Atchley and Beakley, accompanied by copies of their respective pleadings, were duly served upon the defendant Charles Fisher, and the latter filed an answer which embraced a general demurrer and a general denial. Thereafter, on the 26th day of April, 1911, the case was called and tried, and judgment rendered for the plaintiff Hemming against all the defendants for the amount sued for, and for the foreclosure of his lien upon the land. Judgment was also rendered in favor of the defendant Atchley on his cross-action, against his codefendants Hewell, Beakley, and Fisher for $1,292.91, and for whatever sum he might pay on the judgment rendered in favor of the plaintiff against him, but requiring that execution be first issued against the defendant Fisher. Judgment was also rendered in favor of defendant Beakley on his cross-action against the defendant Fisher for the sum of $3,462.91. In May, 1911, an order of sale was issued, and in July, 1911, the land referred to was sold under that order and bought in by the plaintiff Hemming for the sum of $800. In August, 1911, an execution was issued to Coleman county against the defendant Fisher, and returned nulla bona, and thereafter, on the 21st day of August, 1911, an alias execution was issued against Fisher, directed to Bell county, which execution the sheriff of that county levied upon certain real estate, the property of the defendant Fisher. On September 30, 1911, Charles S. Fisher filed this suit in the district court of Coleman county against C. C. Hemming, the plaintiff in the original suit, and R. H. Atchley, J. B. Hewell, G. N. Beakley, defendants in that suit, and James B. Blair, the sheriff of Bell county, and Walter C. Woodward, who had purchased R. H. Atchley's interest in the judgment. In this latter suit the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

164 S.W.—58

plaintiff Fisher made a direct attack upon the personal judgments rendered against him in the former suit, and prayed that the same be adjudged to be void and of no effect, and that their execution be perpetually enjoined. The trial judge granted a temporary writ of injunction, which was subsequently dissolved. The defendants Hemming, Atchley, Beakley, and Woodward filed answers which embraced general demurrers, 15 special exceptions, general denials, and special answers. The trial court sustained all of the exceptions to the plaintiff's petition, and, the latter having declined to amend, the injunction was dissolved, and the cause dismissed, and the plaintiff has appealed and assigns as error the action of the trial court just referred to.

[1] The petition seeks to have the former judgment set aside upon the ground that it was obtained by fraud, in that the defendant Geo. N. Beakley falsely swore upon the trial of the case that Charles S. Fisher, the plaintiff in this suit, and a codefendant in that suit, had assumed the payment of the notes there sued on. It is contended by counsel for appellee that the petition does not distinctly allege that Beakley willfully gave false testimony, and that contention seems to be correct, but we do not decide the case upon that point. We think the petition shows on its face that the plaintiff, Fisher, was guilty of negligence, and failed to exercise proper diligence in not attending the trial of the former case, and making the defense to that suit which he is now attempting to make. As an excuse for not doing so, he alleges that shortly before the former suit was filed Walter C. Woodward came to see him about the matter of his liability upon the Hemming notes; that he informed Woodward that he was not personally liable, exhibited to him his deed from Geo. N. Beakley, and that Woodward stated that he was not personally liable, and that Hemming would have to look to the land for his money; that after being cited to answer in that suit he consulted an attorney, delivered to him the citations and copies of pleadings which had been served upon him, and told the attorney what had occurred between him and Woodward, and that he had never assumed or agreed to pay the notes referred to, and that thereupon the attorney advised him that it would only be necessary to file a general denial in the case, in order to prevent a personal judgment being rendered against him; that he acted upon that advice, caused said attorney to prepare and had filed an answer containing a general denial; that he had no reason to anticipate that false and fraudulent testimony would be given, and a personal judgment thereby procured against him; and that he had no knowledge of the rendition of such judgment until execution thereon was levied upon his property in Bell county. He also alleges that the defendant Beakley at the time he gave the false testimony referred to, must have known that it was false, because Beakley had in his possession a copy of the written contract which resulted in his purchase of the land, in which it was stated that he was to take it subject to the notes referred to, and that while he had never had his deed from Beakley recorded, it did not state, as Beakley swore it did, that he had assumed the payment of the notes, but merely stated that he was to take the land subject to the notes. He also alleges that the defendant Woodward, who acted as attorney for Beakley in his cross-action, knew that the deed referred to did not contain a stipulation binding him for the payment of the notes, and that in view of what had previously passed between him and Woodward, he had the right to assume that no effort would be made at the trial of the case to hold him personally liable. We are unable to concur with appellant in that contention, and feel compelled to hold that if he acted upon that assumption, he made an inexcusable mistake. Whatever may have passed between him and Woodward, it appears that soon thereafter the latter, as attorney for Beakley, filed a pleading, alleging that, as part of the consideration for the deed from Beakley to the plaintiff, Fisher, the latter had assumed the payment of the notes against the land, and giving him notice to produce his deed upon the trial. So if it be a fact that Woodward stated to the plaintiff that he was not personally liable on the notes, he may have subsequently changed his mind; but at any rate, it does not appear that Woodward was at any time acting for Hemming, the original plaintiff, who distinctly charged in his petition that Fisher had assumed the payment of the notes. He was served with copy of that petition, and it apprised him of the fact, as did the copies of the cross-actions filed by his codefendants, that at the trial of the case an effort would be made to show that he had assumed the payment of the notes referred to, and that unless he made his defense, a judgment might be rendered against him to that effect. This being the situation, the mere filing of the general denial was not sufficient diligence upon his part; and the dictates of ordinary care and prudence required that he, or some one acting for him, should have at least taken further steps to ascertain whether or not he should appear at the trial and present his defense. Instead of doing this, when he received information from the clerk that his answer had been filed, he appears to have dismissed the entire matter from his mind, and made no effort even to ascertain what character of judgment had been rendered in the case until long after the court had adjourned and execution had been levied upon his property in Bell county, where he resides.

[2] It is no answer to say that, in pursuing the course he did, appellant was acting upon the advice of his attorney, for the law attributes to him the mistake or negligence of

his attorney. . It is a well-settled rule that when a suit is brought for the purpose of overturning and annulling a judgment which has been rendered by a court of competent jurisdiction, the party seeking to accomplish that result must not only show that he had a meritorious defense, but must also show that it was through no negligence of his that such defense was not presented when the case was tried; and in this latter respect the plaintiff's petition is wholly insufficient. In fact the petition presents no excuse whatever; and therefore it must be held that appellant was guilty of such gross negligence as must prevent a court of equity from granting the relief sought.

[3] Furthermore, in support of his allegation that he had not assumed personal liability for the notes referred to, appellant attached to his petition a copy of the deed from G. N. Beakley and wife to him, and the recitals therein invoked in his behalf read as follows: " * * * For and in consideration of the sum of $7,000 to us paid and secured to be paid by Chas. S. Fisher, as follows, to wit: $4,053.25, paid, the receipt of which is hereby acknowledged and confessed and the further consideration that the said Fisher take the hereinafter described and conveyed land, subject to certain indebtedness now against the same described as follows, to wit: 5 notes for $367.50 each, due respectively on Jan. 16, 1911, 1913, 1914, 1915 and 1916, with six per cent. interest from Jan. 16, 1909. One note for $500, due Nov. 1st, 1912, with ten per cent. interest from this date and two notes for $265.66, due respectively on Nov. 1, 1910 and 1911 with 8% interest from this date, the above described indebtedness aggregating $2,946.75, said indebtedness being a part of the indebtedness described in a deed from J. B. Hewell to Geo. N. Beakley bearing date December 12th, 1908, and recorded in vol. 16, page 565, of the deed records of Foard county, Texas, and the further consideration that the said Fisher takes the said land subject to the taxes for the year 1909." Instead of these recitals supporting appellant's contention, it seems to us that they tend strongly to the contrary. They show that the agreed consideration was $7,000, of which $4,053.25 was paid at the time the deed was made, and the notes therein referred to, and subject to which it is stated that appellant was to take the property, aggregating $2,946.75, which, added to the amount paid, makes exactly $7,000, the amount of the agreed consideration which the deed states is paid *and secured to be paid by Charles S. Fisher.* The amount of the agreed consideration which was not paid at the time was already secured by a lien upon the land, and therefore it seems reasonable to hold that the language which we have italicized was used for the purpose of showing that appellant had agreed to pay the additional amount of the consideration to the holder of the notes, which constituted liens against the land.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.