GARZA et al. v. CITY OF SAN ANTONIO. (No. 6240.)

(Court of Civil Appeals of Texas. San Antonio. June 14, 1919. Rehearing Denied June 30, 1919.)

1. TRIAL ⬤→1—ANSWER—EFFECT.

Defendants cannot prevent trial from commencing by filing answer and not appearing for trial.

2. TAXATION ⬤→421(1) — ASSESSMENT—SUFFICIENCY OF DESCRIPTION.

Sufficiency of a tax assessment description is measured by same rules as apply to conveyances and partition decrees.

3. TAXATION ⬤→421(1) — ASSESSMENT — DESCRIPTION—SUFFICIENCY.

A tax assessment description of unrendered land held sufficiently definite to support a tax judgment, where owners readily identified and rendered it for taxation under same description, except that acreage and value of land was decreased.

4. MUNICIPAL CORPORATIONS ⬤→978(7)—TAXES—PLEADING—LIMITATIONS.

San Antonio City Charter, § 123, barring delinquent taxes after 10 years, fixes a limitation period, and is not available to taxpayer unless pleaded.

5. LIMITATION OF ACTIONS ⬤→182(2)—PLEADING—WAIVER.

Limitation statutes are waived, if not pleaded.

6. TAXATION ⬤→573½ — COLLECTION — PERSONAL JUDGMENT—OWNERSHIP OF LAND—PRESUMPTIONS.

Where unrendered land was assessed in husband's name until 1909, and was then rendered in his wife's name, it will be presumed that wife did not acquire title until that year, and no personal judgment for taxes prior to 1909 can be had against her.

7. APPEAL AND ERROR ⬤→714(1)—RESERVING GROUNDS FOR REVIEW—EVIDENCE.

On appeal in a tax judgment case, the Court of Civil Appeals will not consider a city map, and assertions, not contained in statement of facts, designed to show that city contained no such block or street as tax assessment described.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Action by the City of San Antonio against Carolina C. Garza and Leonard Garza, Sr.

Judgment for plaintiff, and defendants bring error. Judgment affirmed as reformed.

J. D. Childs, of San Antonio, for plaintiffs in error.

R. J. McMillan and John H. Cunningham, both of San Antonio, for defendant in error.

FLY, C. J. This writ of error is prosecuted from a judgment for taxes against Carolina C. Garza and Leonard Garza, Sr., in favor of the city of San Antonio. The city sued the Garzas to recover the taxes due it for the fiscal years from 1899 to 1914, inclusive, amounting in the aggregate to $1,-934.27, on "one tract of land described as old city lot No. A-6, new city block No. A-6, situated on Truehart street, situated within the corporate limits of the city of San Antonio, in Bexar county, state of Texas," and the sum of $4.50 for 1877, on one-seventh undivided interest in lots 2 and 3, and for 1906, $216.86. On November 23, 1917, the case was called for trial, and the city announced ready for trial; but the Garzas, though they had filed an answer, consisting of a general denial, did not appear, and the court proceeded to hear the evidence, and rendered judgment for the city in the sum of $3,195.59 for the taxes, interest, and penalties, on two acres of land in city block A-6. On November 24, 1917, a motion for new trial was filed by the Garzas, and an amended motion was filed on December 1, 1917, which was overruled by the court. On November 21, 1918, application was made for a writ of error to this court.

The evidence shows that the taxes were due for the years named in the judgment, and were due on the property described in the petition as hereinbefore indicated. Leonard Garza, Sr., is the husband of Carolina C. Garza, and the land was rendered by him for the years 1908, 1913, and 1914, substantially as follows:

"1 Tract, City Block A-6 E s Truehart Street, 2 acres. Total valuation $5,000.00."

The judgment foreclosed the tax lien upon property described as follows:

"That certain tract of land fronting in Trueheart street within the corporate limits of the city of San Antonio, Bexar county, Texas, and situated in city block A-6, consisting of two acres of land."

[1] The court had the authority to proceed with the trial in the absence of the Garzas, although they had an answer on file. Defendants cannot obstruct the course of justice simply by filing answers and then remaining away from the courthouse. The answer would prevent a judgment by default, if it was called to the attention of the court, even in a motion for new trial. Lytle v.

---

⬤→For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Custead, 4 Tex. Civ. App. 490; 23 S. W. 451; Counts v. S. W. Land Co., 206 S. W. 207. Judgment by default was not taken in this case, but upon a full statement of facts, which in some unaccountable way has been recognized and agreed to by plaintiffs in error as being a correct statement of all the facts shown upon the trial. We shall so consider it.

The property was on the unrendered list of property in the city of San Antonio in 1899, and is described as "5 acres, 1 tract A. 6. Trueheart St.," and assessed in the name of Leonardo Garza, Sr. The evidence shows and the judgment recites that he is the husband of Carolina' C. Garza. The description in the rendition of the property by Leonard Garza in 1908, whose identity with Leonardo Garza is not questioned, is strikingly similar to that found in the description on the unrendered roll; the only difference being in the number of acres. The same description, substantially, is found in the pleadings and judgment. In their motion for a new trial, the Garzas admitted that they owned two acres of the five acres described, and the number of acres was not alleged in the petition, and the judgment was for taxes only on the two acres of land. The assessments were on five acres up to and including that of 1908. In 1909, the assessment was made by Leonardo Garza, Sr., for two acres as hereinbefore stated, and that was followed up to and including 1914. Until 1909 the property was assessed in the name of Leonard Garza and Leonardo Garza, evidently the same person, and after that in the name of Carolina C. Garza. In the assessment made in 1909 by Leonardo Garza, it is stated that the land was formerly assessed at $5,000, but present value was $2,000, and that "in 1908 tract C. B. A. 6 ass'd to Leonardo Garza, Sr." The latter swore that the property was held by him for Carolina C. Garza. The representations referred to connect the two acres and five acres, and show that they were the same tract of land.

[2, 3] The rule as to descriptions of real estate in assessments is the same as in deeds and other conveyances. No more particularity of description of property is required in a tax assessment than in a conveyance or a partition decree. Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48; City of San Antonio v. Terrill, 202 S. W. 361. In the Slaughter Case the description was:

"Name of owner, G. G. Wright. No. of acres—No. lots 25x100. No. block 61. Value grounds, $7,875. Value of improvements, $2,-000. Description, Main Street."

In the Terrill Case the description was:

"Name, Mrs. B. E. Horton. N. E. pt. of Blk. O. C. Lot 10, City Blk. A. 62. No. of receipt 16,282. Description of property R 1 D. C. 5⅓ acres, Land Imp. 265. Total value."

We can see no advantage in description that either of the descriptions copied has over the one given in either of the assessments of the property in this case. Leonardo Garza seems to have been of the opinion that the description was sufficient, as he added nothing to it when he rendered the property for taxation. Plaintiffs in error are in no position to take advantage of any defect in the description. The end to be attained in requiring a description of the land listed for taxation is .that the land may be identified by the former. Plaintiffs in error readily identified the land and made no substantial change in the rendition, except to decrease the acreage and value. Cooley, Taxation, p.. 740 et seq.; McMickle v. Rochelle, 59 Tex. Civ. App. 91, 125 S. W. 74. The rule is indorsed by Judge Cooley that—

"The designation of the land will be sufficient if it afford the means of identification, and does not positively mislead the owner, or be calculated to mislead him."

The description herein did not mislead the owners as clearly appears from a rendition of the land by the same description. Error, however great, in stating the quantity of the land will not vitiate the assessment. Cooley on Taxation, p. 748; Scollard v. City of Dallas, 16 Tex. Civ. App. 620, 42 S. W. 640. Plaintiff in error indorsed the description of the property by following the substantial requirements in their rendition. The law provides for the rendition of property of the wife by the husband. The wife is personally liable for the taxes on her property. Speer's Marital Law, § 141.

The case of Welles v. Arno Co-op. (Tex. Civ. App.) 177 S. W. 985, relied upon by plaintiffs in error, in no manner is in conflict with the rulings herein made nor the cases cited. The rule that a description is certain that can be made certain is recognized in the opinion in that case, but the court very properly held that there was no description upon which to predicate the introduction of extrinsic evidence in that case.

[4, 5] In the case of City of San Antonio v. Johnson, 186 S. W. 866, this court held that section 123 of the San Antonio charter, which provides a period of ten years in which delinquent taxes would be barred, fixed a period of limitation to suits by the city of San Antonio for the collection of taxes. In that case, however, the question as to .pleading was not raised as herein, and it is presumable that the limitation was duly pleaded. The enactment of section 123 was in effect the passage of another limitation law, acting only upon a certain locality, but the rules as to pleadings in regard to other cases of limitation .would apply. .Article 5706, Revised Statutes, would apply to that

section as to any other limitation law. It provides:

"The laws of limitation of this state shall not be made available to any person in any suit in any of the courts of this state, unless it be specially set forth as a defense in his answer."

That statute would apply to every law of limitation enacted in the past or to be enacted in the future, and it would not be necessary, every time a new law of limitation is enacted, to provide that article 5706 shall be applied to it. If section 123 of the charter is a law of limitation of Texas, it is not available to any one who does not plead it. Plaintiff in error did not plead limitation of any character. Pleas of limitation are matters of personal right, to be waived or insisted upon as may suit the exigencies of the case or the individual ideals of parties to suits. In every instance limitation statutes are waived, if not pleaded.

[6] The presumption would prevail in this case that the property in question belonged to Leonardo Garza as assessed prior to 1909, and that Mrs. Garza had not acquired title until it was rendered in her name. This holding is necessary to sustain the assessments prior to 1909, and will necessitate a reformation of the judgment, so that no personal judgment against Mrs. Garza is rendered for any taxes due on the land prior to 1909. Of course she got the land burdened with the taxes, and subject to a lien therefor.

The taxes assessed for 1908 according to the evidence were $85.20, while the judgment gives a recovery to the city of $116.40 for that year. That error, however, can be corrected by eliminating the extra amount. This does not involve an excessive levy for taxes, as in the case of Bonougli v. Brown, 185 S. W. 47, in an opinion rendered by this court. Of course, any excess in any judgment can at the proper time be eliminated, to relieve it of the vice of being excessive. The only illegal tax was the difference between $116.40 and $85.20—that is, $31.20—which can and will be eliminated, without vitiating the judgment for the valid taxes.

[7] Of course, this court knows nothing in regard to any evidence not found in the statement of facts, and cannot consider assertions as to there being no such city block as named, nor Trueheart street, in the city of San Antonio, nor give any heed to references to a city map that does not appear in the statement of facts. This court has been extremely liberal in considering matters that are not properly raised, and could with perfect propriety have been disregarded.

The judgment will be reformed, so as to decree a judgment for the taxes on the property as shown by the assessment rolls, together with the interest and penalties, for the years 1899 to 1908, inclusive, that they shall be a lien against the property as against Leonardo Garza and Carolina C. Garza, and that the judgment for the taxes, interest, and penalties for the years 1909 to 1914, inclusive, as rendered by the trial court, shall be affirmed, and that the costs of this appeal be taxed against the city of San Antonio.

Reformed and affirmed.