## GAMBRELL v. BRUCE. (No. 7375.)

(Court of Civil Appeals of Texas. San Antonio. May 27, 1925. Rehearing Denied June 20, 1925.)

1. Trial ⊙⟂21—Duty of parties or their attorneys to be present when case called for trial.

It is duty of parties or their attorneys to be present in court whenever their cases are called for trial, and strong reasons must be presented to excuse their absence.

2. Equity ⊙⟂64—Law rewards the diligent.

The law rewards the diligent one and not the tardy one.

3. New trial ⊙⟂85—Trial court held not to have abused its discretion in denying absent defendant's motion for new trial.

Trial court under the evidence, and in view of its qualification to bill of exception, *held* not to have abused its discretion in denying defendant's motion for new trial, after defendant had failed to appear in person or by attorney, either in justice or county court, though cause was twice set for trial in each court.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by O. W. Bruce against N. E. Gambrell. From judgment for plaintiff in the county court on an appeal from the justice court and an order overruling his motion for a new trial, defendant appeals. Affirmed.

Alfred H. Eaton, of Fort Worth, for appellant.

H. M. Harrington, of Fort Worth, for appellee.

COBBS, J. Appellee filed suit in justice's court, precinct No. 1, Tarrant county, against appellant for $177.41, for which he prayed judgment, together with reasonable attorney's fees. Judgment was rendered in that court in favor of appellee, and appellant appealed to the county court, where judgment was again rendered in favor of appellee. Appellant appeared in neither court in person, nor set up any character of answer to plaintiff's petition in the county court. It was twice set for trial in the justice's court, and at neither time did appellant appear in that court in person or through an attorney. And, after having appealed to the county court as stated, the cause was set twice for trial, and at neither of said sittings did appellant or his attorney appear in person. After being twice passed on account of appellant's absence in the county court, the case having been regularly again set for trial, judgment was rendered in favor of appellee on evidence introduced sufficient to support the judgment.

Appellant thereafter filed a motion for a new trial upon grounds substantially to wit:

"(1) That defendant did not know said cause was called for trial, because his attorney had not notified him of the fact.

"(2) That defendant had a good and sufficient defense to plaintiff's cause of action.

"(3) That defendant's attorney was detained at home on account of illness of his infant child, and could not be in court till 10 o'clock.

"(4) That said cause was tried out of its regular order on the days set."

The trial court fully heard and considered all the facts presented in connection with the record, and overruled the motion.

There must be allowed much discretion to trial courts in the disposition of their dockets, setting and calling cases for trial and their disposition, else their dockets get clogged up thereby, preventing speedy justice.

[1, 2] It is the duty of the parties or their attorneys to be present in court whenever their cases are called for trial. A strong reason for their absence must be presented to the court if they are not there. It must be remembered that the adverse litigant has his rights too. "The law rewards the diligent" one, not the tardy one. Cato v. Scott (Tex. Civ. App.) 96 S. W. 667; Ranson v. Leggett (Tex. Civ. App.) 90 S. W. 669; Millar v. Smith, 28 Tex. Civ. App. 386, 67 S. W. 429; Woolley v. Sullivan (Tex. Civ. App.) 43 S. W. 919; Power v. Gillespie, 27 Tex. 370; Garza v. City of San Antonio (Tex. Civ. App.) 214 S. W. 488; Fisher v. Hemming (Tex. Civ. App.) 164 S. W. 913; White v. Powell, 38 Tex. Civ. App. 38, 84 S. W. 836.

[3] We do not believe appellant has presented any good and sufficient reason to account for the absence or shown such an abuse of discretion on the part of the court as is spoken about in Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 917, to justify us in setting aside the judgment of the trial court; therefore the judgment is affirmed.

### On Motion for Rehearing.

It is true we took our statement of the case largely from appellee's statement, as we had a right to do, and regard the statement of any attorney to be true when not contradicted by the other side.

In regard to the hearing of the motion for new trial, the appellee says the court heard and considered, without objection, appellee's answer to defendant's motion for a new trial, which, while not sworn to, was duly considered by the court, and it seems to be the case.

In bill of exceptions No. 2, the court entered this qualification:

"On January 24, 1924, defendant filed motion for new trial; this motion was regularly set

for hearing for February 25, 1924, on which date this court patiently listened to counsel for an hour and a half or more, and entered an order on the motion docket 'Overruled.' About 4:50 p. m. defendant's attorney took the witness chair and offered to testify. The court informed defendant's attorney that the testimony was offered too late, to' which the defendant excepted. The court informed defendant's attorney that he· would grant him leave to file a supplemental motion, and requested that he procure and attach thereto a certificate of the physician referred to in his argument. On February 27, 1924, defendant filed his supplemental motion for new trial, but failed to attach thereto or furnish the physician's certificate requested by the court. On March 1, 1924, upon defendant's failure to comply with reasonable request for attending physician's certificate of alleged sickness, the court overruled said supplemental motion. On the last day of the January term of this court, to wit, Saturday, March 1, 1924, after 5 o'clock in the evening, and while the judge of this court was closing the minutes of the term, the defendant offered his second supplemental motion for new trial as set forth in defendant's bill of exception hereto attached."

Also see bill of exceptions No. 3:

"Attorney for the defendant read his motion for new trial and the accompanying affidavits in support thereof, and the attorney for the plaintiff read his answer to said motion; all of which instruments are filed and are a part of the record in this cause. After this the attorney for the defendant made an argument in favor of the motion and the attorney for the plaintiff opposed the motion. After the argument had lasted for perhaps an hour and one-half, and after the court had overruled the motion for a new trial, the attorney for the defendant offered to take the witness stand and testify to the facts contained in paragraphs 3 and 4 of defendant's motion for new trial, and also offered to introduce the testimony of Lloyd H. Burns in support of said motion for a new trial. The court declined to hear the testimony of either of said witnesses, and, without having heard any verbal testimony, overruled defendant's motion for new trial; to which action and ruling of the court defendant then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District at Fort ·Worth, Tex., at which time the court granted defendant leave to file a supplemental motion, and requested said defendant's attorney to procure and file therewith physician's certificate in support of his allegations. Defendant's attorney failed to comply with this reasonable request, and on the last day of the term of this court, to wit, March 1, 1924, the court overruled said supplemental motion, the reasonable request not then having been complied with."

We have considered only matters the court below considered, that appear in the record and the briefs. Appellant made no such objection to our considering the appellee's unsworn answer in the brief, as now urged.

We feel that, after the trial 'court has duly considered and passed upon a motion for a new trial, and no error of law has been committed, and no discretion arbitrarily abused, the motion for rehearing should be overruled, and it is accordingly here done.